IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PRIDE HOME CENTER, INC., § | | |
| WITT FLOORING CENTER, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 2:17-cv-00166 | |
| § | | |
| WESCO INSURANCE COMPANY, § | | |
| ANNETTE YVONNE TARQUINIO, and § | | |
| AGNESS INSURANCE AGENCY, INC., § | | |
| § | | |
| Defendants. § | | |

## DEFENDANT WESCO INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Wesco Insurance Company ("Wesco") files this Notice of Removal under 28 U.S.C. § 1446(a) and states as follows:

## I.
## INTRODUCTION

1. Plaintiff Pride Home Center, Inc.; Witt Flooring Center, LLC ("Plaintiff") commenced this lawsuit on July 13, 2017 by filing Plaintiff's Original Petition ("Petition") in the 251st judicial district court of Potter County, Texas, Cause Number 106594-C-CV.

2. Plaintiff's Petition names Wesco, Annette Yvonne Tarquinio ("Tarquinio"), and Agness Insurance Agency, Inc. ("Agness") as defendants (collectively, "Defendants"). Tarquinio was an adjuster assigned to Plaintiff's claim which made the basis of this lawsuit. Agness is the agency that procured the insurance policy which provides commercial property coverage to Plaintiff.

3. Wesco and Tarquinio were served with Plaintiff's Petition on July 31, 2017; Agness has not yet been served. Plaintiff has demanded a jury trial in the Petition.

4. Wesco files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b), on behalf of all Defendants. Neither Tarquinio nor Agness need to provide consent to removal as Wesco contends that both were improperly joined.[1] To the extent necessary, Tarquinio and Agness consent to this Notice of Removal as the undersigned attorneys represent all named Defendants.

## II.
## BASIS FOR REMOVAL

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

### A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Wesco.

7. Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, a Texas corporation with its principal place of business in Amarillo, Texas.[2] Accordingly, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8. Defendant Wesco Insurance Company was at the time this lawsuit was filed, and at the date of this Notice remains, a Delaware insurance company with its principal place of business in New York. Wesco is a citizen of Delaware and New York for purposes of diversity jurisdiction.

---

[1] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2] *See* Plaintiff's Petition, ¶1.

9. Tarquinio is a resident of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Tarquinio in this lawsuit. Therefore, Tarquinio's citizenship should be disregarded.

10. Agness is a Texas company with its principal place of business in Austin, Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Agness in this lawsuit. Therefore, Agness's citizenship should be disregarded.

11. Because Plaintiff is a citizen of Texas, and Wesco is a citizen of Delaware and New York, complete diversity of citizenship exists between Plaintiff and Wesco (now and on the date Plaintiff filed this lawsuit).

**B.** **Plaintiff improperly joined Tarquinio and Agness to defeat this Court's diversity jurisdiction.**

12. A defendant, such as Tarquinio or Agness, is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[3] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[4] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[5]

---

[3] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[4] *See id.*

[5] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

13. Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiff's Petition under the Federal pleading standard.[6] This requires Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."[7] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]

14. As elaborated upon below, Plaintiff's Petition fails to demonstrate a reasonable possibility of recovery against either Tarquinio or Agness in this lawsuit. It is clear Plaintiff improperly joined these defendants to defeat this Court's diversity jurisdiction.

### *(i)* *Plaintiff has no reasonable possibility of recovering against Tarquinio for Violations of Chapter 541 of the Texas Insurance Code.*

15. Plaintiff's Petition makes the following factual allegations against <u>both</u> Wesco and Tarquinio:[9]

> "Defendants Wesco <u>and</u> [emphasis added] Tarquinio acknowledged Plaintiff's claim and admitted to a substantial portion of the covered damage but then proceeded to string Plaintiff along with false promises of payment."

> "Tarquinio <u>and</u> [emphasis added] Wesco have failed to even pay the undisputed portion of Plaintiff's damages."

---

[6] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

[7] *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Twombly*, 550 U.S. at 555.

[9] *See* Plaintiff's Petition, ¶¶ 11-13.

"Tarquinio <u>and</u> [emphasis added] Wesco's unreasonable and outcome oriented investigation led to underpayment of Plaintiff's claim."

16. As established by the conjunctive use of "and" throughout these statements, Plaintiff fails to distinguish the majority of factual allegations against Wesco and Tarquinio, and instead lumps the purported conduct together. Plaintiff relies on these factual allegations to assert its causes of action against both defendants under Section 541 of the Texas Insurance Code. It is clear that the alleged conduct of Tarquinio is intertwined with the claims against Wesco regarding payment of the claim.

17. Under the Causes of Action section of the Petition, Plaintiff alleges <u>both</u> Wesco and Tarquinio committed the following violations of the Texas Insurance Code: [10]

> [Section 541.051] – "making statements misrepresenting the terms and/or benefits of the policy;"
>
> [Section 541.060(a)(1)] – "misrepresenting a material fact or policy provision related to coverage;"
>
> [Section 541.060(a)(2)(A)] – "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;"
>
> [Section 541.060(a)(3)] – "failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;"
>
> [Section 541.060(a)(4)] – "failing to affirm or deny coverage in a reasonable time;" and
>
> [Section 541.060(a)(7)] – "refusing to pay a claim without conducting a reasonable investigation."

18. Plaintiff simply ties the allegations against Tarquinio to Wesco's alleged underpayment of the claim and even states, "As a result of Tarquinio's material misrepresentations,

---

[10] *See* Plaintiff's Petition, ¶¶ 22-25.

Wesco has failed to pay Plaintiff what is owed…"[11] Additionally, Plaintiff makes several generic statements as to Tarquinio's conduct, such as "performing an incomplete visual inspection of the property…" yet Plaintiff then goes on to say, "[t]hese actions on the part of the named adjuster resulted in underpayment/no payment to Plaintiff."[12] Thus, Plaintiff's allegations against Tarquinio are not independent of Wesco.

19.     The courts of this District have found each of these *exact* allegations insufficient to support an independent cause of action against adjusters like Tarquinio.[13] Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[14] "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[15] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[16] Absent actual damages, other than the unpaid policy

---

[11] *Id.* at ¶ 28.

[12] *Id.* at ¶ 29.

[13] *See, e.g., Together 6 LLC v. Burlington Ins. Co.,* 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.

[14] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[15] *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v.State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[16] *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to recover under the Texas Insurance Code.").

benefits, there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[17]

20.     The Northern District has clearly explained that a plaintiff cannot recover against an adjuster under the Texas Insurance Code Sections 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), or 541.060(a)(7) because the provisions are inapplicable to the conduct of an adjuster.[18] More specifically, an adjuster cannot be held liable because the adjuster does not have settlement authority, has no obligation to provide a basis for denial of the claim or offer a compromise of settlement of the claim, nor is the adjuster responsible for refusal to pay under certain circumstances.[19]

21.     These allegations are nothing more than boilerplate causes of action that track and regurgitate the language of the statute. The Petition fails to explain how Tarquinio's alleged conduct gave rise to an injury distinct from unpaid Wesco policy benefits. Instead, the pertinent factual allegations asserted are against both Wesco and Tarquinio and relate directly to unpaid policy benefits. The factual allegations repeatedly and consistently refer to "failure to pay" or "underpayment" of policy benefits. Plaintiff has not pled facts or causes of action indicating an independent injury and thus, Plaintiff does not have a reasonable possibility of recovery against Tarquinio under Chapter 541 of the Texas Insurance Code.

> a.     <u>Plaintiff's factual allegations and claims against *only* Tarquinio do not create a reasonable possibility of recover against Tarquinio.</u>

---

[17]  *See, e.g., Messersmith*, 2014 WL 3406686 (finding no reasonable possibility of recovery against an adjuster for, in part, lack of independent injury).

[18]  *See Gutierrez v. Allstate Fire and Casualty Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, at *3-4 (N.D. Tex. June 1, 2017).

[19]  *Id*.

22. Plaintiff's Petition contains a few facts and allegations directed against only Tarquinio. With respect to alleged "bad acts" by Tarquinio, Plaintiff has attached a series of emails to the Petition. However, these emails are nothing more than a series of emails over a two-week time span wherein the insured's public adjuster is attempting to create a paper trail of insinuations and leading questions.[20] Tarquinio's responses to these emails are hardly indicative of misrepresentative statements or conduct. For instance, in correspondence dated June 6, 2017 and June 12, 2017, Tarquinio states:

> "I don't recall that the roof had two layers…This is why it is important that we get an accurate evaluation of the roof by waiting until we have the engineer report with his scope and recommendation sin writing and then using this information to obtain an accurate estimate to replace the roof…"[21]
>
> "I appreciate the urgency but this is a large roof and complicated scope and will take us a little while to get a complete measure in order to issue payment."[22]
>
> "…We are not in agreement with you estimate for the replacement of the insulated foam roof"[23]

23. In the context of insurance and the Texas Insurance Code Section 541.060, a misrepresentation must be both specific and affirmative to be actionable.[24] The misrepresentation must be about the details of the policy, not the facts giving rise to a claim for coverage.[25] In a recent Western District case, the court found that the email attached to plaintiff's petition made no

---

[20] *See* Plaintiff's Petition, Exhibit A.

[21] Plaintiff's Petition, Exhibit A (pages are not numbered), *email dated June 6, 2017*.

[22] *Id*.

[23] *Id*., *email dated June 12, 2017*.

[24] *See Metro Hosp. Partners, Ltd. v. Lexington Ins. Co*., 84 F. Supp. 3d 553, 573 (S.D. Tex. 2015).

[25] *See Messersmith*, 10 F. Supp. at 724 (N.D. Tex. 2014).

specific statements regarding the details or terms of the policy itself nor did the adjuster make representations regarding coverage under the policy.[26] Likewise, in the case at hand, Plaintiff's weak attempt to base allegations of misrepresentations by attaching a string of emails is insufficient. The emails do not implicate actionable misrepresentative conduct. Thus, Plaintiff has no reasonable possibility of recovery against Tarquinio.

### *(ii)* *Plaintiff has no reasonable possibility of recovering against Tarquinio for Violations of Chapter 542 of the Texas Insurance Code.*

24. Plaintiff has no reasonable possibility of recovery with respect to its claims against Tarquinio under Chapter 542 of the Texas Insurance Code – *i.e.,* Texas' Prompt Payment of Claims Act. Plaintiff's Petition alleges "Defendant adjuster violated §541 and §542 of the Texas Insurance Code."[27] However, as the courts of this District have aptly noted, "the Prompt Payment of Claims Act applies only to *insurers*"– not individual adjusters like Tarquinio.[28] As a result, Plaintiff's Petition fails to assert a viable cause of action against Tarquinio under any section of Chapter 542 of the Texas Insurance Code.

### *(iii)* *Plaintiff has no reasonable possibility of recovering against Agness for Violations of the DTPA.*

25. Plaintiff has no reasonable possibility of recovery against Agness for making misrepresentations and violating the Texas DTPA. Plaintiff merely states "agent violated the Texas Deceptive Trade Practices Act by misrepresenting that goods or services had characteristics that they did not have."[29] This generic allegation is insufficient.

---

[26] *See Lakeside FBCC, LP v. Everest Indem. Ins.* Co., No. SA-17-CV-00491-XR, 2017 WL 3448190 (W.D. Tex. Aug. 10, 2017).

[27] *See* Plaintiff's Original Petition, ¶ 28.

[28] *Messersmith*, 10 F. Supp. 3d at 723 (N.D. Tex. 2014); Tex. Ins. Code § 542.052.

[29] *See* Plaintiff's Petition at ¶ 32.

26.     A plaintiff must "provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[30] Claims alleging violations of the Texas Insurance Code and the DTPA are subject to the requirements of Rule 9(b).[31] The particularity requirement of Rule 9(b) generally means, at a minimum, "that a plaintiff set forth the who, what, when, where, and how."[32]

27.     Here, the allegation is nothing more than a conclusory statement that fails to provide the required information under the federal pleading standard. Plaintiff's claim against Agness is insufficient and there is no reasonable possibility of recovery against this improperly-joined defendant.

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

28.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Wesco's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[33]

29.     Here, Plaintiff's Petition states that Plaintiff seeks to recover more than $1,000,000 in monetary relief in this lawsuit.[34] It is thus facially apparent that Plaintiff's claims exceed this

---

[30] *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (McBryde, J.) (quoting *Twombly,* 550 U.S. 544, 55).

[31] *See Spring Street Apts. Waco, LLC v. Philadelphia Indemnity Ins. Co.,* No. W-16-CA-00315-JCM, 2017 WL 1289036 (W.D. Tex. Apr. 6, 2017) (citing *Berry v. Indianapolis Life Ins. Co.*, No. 3:08-V-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 734, 742 (S.D. Tex. 1998)).

[32] *See Spring Street*, 2017 WL 1289036, at *3 (citing *United States, ex rel, Thompson v. Columbia/HC Healthcare Corp*. 125 F.3d 899, 903 (5th Cir. 1997)).

[33] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[34] *See* Plaintiff's Petition at ¶6.

Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

30. Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Tarquinio and Agness. As such, both Tarquinio's citizenship and Agness's citizenship is disregarded for purposes of determining diversity. Thus, because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

31. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Potter County, Texas promptly after the filing of this Notice.

32. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b. a copy of the docket sheet in the state court action;

    c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

33. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Wesco Insurance Company requests that this action be removed from the 251st Judicial District Court of Potter County, Texas, to the United States

District Court for the Northern District of Texas, Amarillo Division, and that this Court enter such further orders as may be necessary and appropriate.

    Respectfully submitted,

    **ZELLE LLP**

    By: */s/ Andrew A. Howell*
        Steven J. Badger
        Texas Bar No. 01499050
        sbadger@zelle.com
        Andrew A. Howell
        Texas Bar No. 24072818
        ahowell@zelle.com
        Victoria L. Vish
        Texas Bar No. 24089850
        VVish@zelle.com

    901 Main Street, Suite 4000
    Dallas, Texas 75202-3975
    Telephone:    214-742-3000
    Facsimile:    214-760-8994

    **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of this Notice of Removal has been served this 30th day of August, 2017, in compliance with the Federal Rules of Civil Procedure by electronic service as follows:

Marc K. Whyte
State Bar No. 24056526
mwhyte@whytepllc.com
WHYTE PLLC
1045 Cheever Boulevard, Suite 103
San Antonio, TX  78217
Telephone:     210-562-2888
Facsimile:     210-562-2873

**ATTORNEY FOR PLAINTIFF**

                                                 */s/ Andrew A. Howell*
                                                   Andrew A. Howell