# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PRIDE HOME CENTER, INC.,  §
WITT FLOORING CENTER, LLC,  §
                                                              §
            Plaintiff,                              §
                                                              §
vs.                                                       §    CIVIL ACTION NO. 2:17-cv-00166
                                                              §
WESCO INSURANCE COMPANY,  §
ANNETTE YVONNE TARQUINIO, and  §
AGNESS INSURANCE AGENCY, INC.,  §
                                                              §
            Defendants                          §

## EXHIBIT A

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

   a. Plaintiff's Original Petition
      Filed:            July 13, 2017

   b. Record of Citation served on Defendant Annette Yvonne Tarquinio by Certified Mail
      No. 9414 7266 9904 2099 2970 38
      Served:          July 31, 2017
      Filed:            August 8, 2017

   c. Record of Citation served on Defendant Wesco Insurance Company by Certified Mail
      No. 9414 7266 9904 2099 2790 21
      Served:          August 1, 2017
      Filed:            August 8, 2017

   d. Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
      Filed:            August 18, 2017

   e. Record of Citation served on Defendant Agness Insurance Agency, Inc. by Certified
      Mail No. 9414 7266 9904 2099 2970 45
      Not Served:     (Return to Sender, Insufficient Address, Unable to Forward)
      Filed:            August 22, 2017

Exhibit A-1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PRIDE HOME CENTER, INC.,     §
WITT FLOORING CENTER, LLC,     §
    §
    Plaintiff,     §
    §
vs.     §     CIVIL ACTION NO. 2:17-cv-00166
    §
WESCO INSURANCE COMPANY,     §
ANNETTE YVONNE TARQUINIO, and     §
AGNESS INSURANCE AGENCY, INC.,     §
    §
    Defendants     §

## **INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

1. Plaintiff's Original Petition
   Filed:     July 13, 2017

2. Record of Citation served on Defendant Annette Yvonne Tarquinio by Certified Mail No. 9414 7266 9904 2099 2970 38
   Served:     July 31, 2017
   Filed:     August 8, 2017

3. Record of Citation served on Defendant Wesco Insurance Company by Certified Mail No. 9414 7266 9904 2099 2790 21
   Served:     August 1, 2017
   Filed:     August 8, 2017

4. Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
   Filed:     August 18, 2017

5. Record of Citation served on Defendant Agness Insurance Agency, Inc. by Certified Mail No. 9414 7266 9904 2099 2970 45
   Not Served:     (Return to Sender, Insufficient Address, Unable to Forward)
   Filed:     August 22, 2017

# Exhibit A-2

Case 2:17-cv-00166-J    Document 1-3    Filed 08/30/17    Page 6 of 99    PageID 23

## Case Information

106594-C-CV | Pride Home Center, Inc., Witt Flooring Center, LLC VS.
Wesco Insurance Company, Annette Yvonne Tarquinio and Agness
Insurance Agency, Inc.

| Case Number | Court | Judicial Officer |
|---|---|---|
| 106594-C-CV | 251st District Court | Estevez, Ana |
| File Date | Case Type | Case Status |
| 07/13/2017 | All Other Civil Cases | Pending |

## Party

**Plaintiff**
Pride Home Center, Inc.

Active Attorneys ▾
Lead Attorney
Whyte, Marc K.
Retained

**Plaintiff**
Witt Flooring Center, LLC

Active Attorneys ▾
Lead Attorney
Whyte, Marc K.
Retained

**Defendant**
Wesco Insurance Company

Active Attorneys ▾
Lead Attorney
HOWELL, ANDREW
A.
Retained

**Defendant**
Tarquinio, Annette Yvonne

Active Attorneys ▾
Lead Attorney
HOWELL, ANDREW
A.

Defendant
Agness Insurance Agency, Inc.

Active Attorneys ▾
Lead Attorney
HOWELL, ANDREW
A.
Retained

## Events and Hearings

07/13/2017 PLAINTIFF'S ORIGINAL PETITION (OCA)

07/13/2017 DISCOVERY LEVEL 3

07/13/2017 CIVIL COVER SHEET

07/13/2017 REQUEST FOR ISSUANCE

07/13/2017 REQUEST FOR ISSUANCE

07/13/2017 REQUEST FOR ISSUANCE

07/26/2017 ISSUE - CITATION BY CERTIFIED MAIL

07/26/2017 ISSUE - CITATION BY CERTIFIED MAIL

07/26/2017 ISSUE - CITATION BY CERTIFIED MAIL

07/26/2017 MAILED: ▾

Comment
Citation by Certified Mail to Wesco Insurance Company, Article
No. 9414 7266 9904 2099 2970 21

07/26/2017 MAILED: ▾

Comment
Citation by Certified Mail to Annette Yvonne Tarquinio, Article
No. 9414 7266 9904 2099 2970 38

Comment
Citation by Certified Mail to Agness Insurance Agency, Inc.,
Article No. 9414 7266 9904 2099 2970 45

---

07/26/2017 CITATION ▾

---

07/26/2017 CITATION ▾

---

07/26/2017 CITATION ▾

---

08/08/2017 RECORD CITATION CERTIFIED MAIL ▾

Comment
(17304 Preston Rd., ste 975, Dallas, TX 75252-5650) delivery
date 7/31/17 signed by signature unreadable ARTICLE NO:
9414 7266 9904 2099 2970 38

---

08/08/2017 RECORD CITATION CERTIFIED MAIL ▾

Comment
(% Corporation Service Company, 211 East 7th Street, Ste 620,
Austin, TX 78701-3218) DELIVERY DATE: 08/01/17, SIGNED
BY: Chris Seizan, ARTICLE NO: 9414 7266 9904 2099 2970 21

---

08/18/2017 DEFENDANT/S ORIGINAL ANSWER ▾

Comment
Defendant's Original Answer and Affirmative Defense To
Plaintiff's Original Petition

---

08/22/2017 CITATION RETURNED NOT SERVED BY CERTIFIED
MAIL ▾

Comment
Return to Sender, Insufficient Address, Unable to Forward

# Exhibit A-3

# Exhibit A-3-a

. B N

Filed
Caroline Woodburn
District Clerk
7/13/2017 3:56 PM
Potter County, Texas
By _____ Deputy

106594-C-CV

CAUSE NO._____

| | | |
|---|---|---|
| PRIDE HOME CENTER, INC.; | § | IN THE DISTRICT COURT |
| WITT FLOORING CENTER, LLC | § | |
|     Plaintiff | § | |
| | § | 251st |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WESCO INSURANCE COMPANY, | § | |
| ANNETTE YVONNE TARQUINIO, and | § | |
| AGNESS INSURANCE AGENCY, INC. | § | POTTER COUNTY, TEXAS |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    **PRIDE HOME CENTER, INC.; WITT FLOORING CENTER, LLC,** Plaintiff herein,

files this Original Petition against Defendants **WESCO INSURANCE COMPANY, ANNETTE**

**YVONNE TARQUINIO and AGNESS INSURANCE AGENCY, INC.,** and in support of

Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

    1.    Plaintiff is a Texas resident who resides and conducts business in POTTER County,

Texas. Said property is located at: 3503 NE 24th Street, Amarillo, Texas 79107.

    2.    **WESCO INSURANCE COMPANY ("WESCO")** is a foreign corporation,

authorized to engage in the insurance business in the State of Texas, and who issued a policy of

insurance to Plaintiff named above. The Defendant may be served by serving its registered agent:

Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service

is requested by certified mail, return receipt requested.

1

3.     **ANNETTE YVONNE TARQUINIO ("TARQUINIO")**, is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service at: C/O ANNETTE YVONNE TARQUINIO, 17304 Preston Rd., Ste. 975, Dallas, Texas 75252-5650. Service is requested by certified mail, return receipt requested.

4.     **AGNESS INSURANCE AGENCY, INC. ("AGNESS")** is an insurance agency doing business in the State of Texas and may be served with process of service to its Registered Agent: Bruce H. Agness, 4201 Bee Caves Rd., #A-200, Austin, Texas 78746.

## II. DISCOVERY

5.     This case is intended to be governed by Discovery Level 3.

## III. CLAIM FOR RELIEF

6.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

7.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

8.     Venue is proper in POTTER County under Tex. Civ. Prac. & Rem.

Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

9.     Plaintiff is a named insured under a commercial property insurance policy issued by WESCO INSURANCE COMPANY.

10.     On or about MAY 10, 2017, a storm hit the POTTER County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

11.     Defendants WESCO AND TARQUINIO acknowledged Plaintiff's claim and admitted to a substantial portion of the covered damage claimed by Plaintiff, but then proceeded to string Plaintiff along with false promises of payment. Defendants also failed to acknowledge a substantial portion of the damage to Plaintiff's property.

12.     ANNETTE YVONNE TARQUINIO was assigned as one of the individual adjusters on the claim. She conducted a substandard investigation and inspection of the property, has misrepresented what WESCO would do to resolve the claim, and as of the date of this Petition TARQUINIO and WESCO have failed to even pay the undisputed portion of Plaintiff's damages.

13.     TARQUINIO and WESCO's unreasonable and outcome oriented investigation led to the underpayment of Plaintiff's claim.

## VI. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Breach of Contract (WESCO INSURANCE COMPANY)

15.     WESCO had a contract of insurance with Plaintiff. WESCO breached the terms

3

of that contract by wrongfully denying and/or underpaying and/or withholding payment of the claim. Plaintiff was damaged thereby.

16.     Specifically, TARQUINIO, on behalf of WESCO INSURANCE COMPANY, has admitted there was covered damaged but has failed to pay Plaintiff. With respect to other portions of the property that are damaged, WESCO refuses to pay what is owed for the replacement of that property.

17.     As a result, WESCO continues to refuse to pay Plaintiff what is owed, and WESCO breached the terms of its policy with Plaintiff.

II.     **Prompt Payment of Claims Statute (WESCO INSURANCE COMPANY Only)**

18.     The failure of WESCO to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage and paying what is owed constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

20.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms it reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

21.     Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on MAY 10, 2017. Accordingly, it has been approximately sixty

4

(60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

III.   **Unfair Settlement Practices / Bad Faith (WESCO INSURANCE COMPANY and ANNETTE YVONNE TARQUINIO)**

    A.   **Actionable Conduct of Defendant (WESCO INSURANCE COMPANY)**

22.   Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

23.   Defendants violated § 541.051 of the Texas Insurance Code by:

    (1)   making statements misrepresenting the terms and/or benefits of the policy.

24.   Defendants violated § 541.060 by:

    (1)   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)   failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)   failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)   refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

26.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

27.     With respect to TARQUINIO, many of her misrepresentations and bad acts can be seen in the emails attached to this Petition as **Exhibit A**.

**B.     Actionable Conduct of Defendant ANNETTE YVONNE TARQUINIO**

28.     Defendant TARQUINIO, as a contractor and/or adjuster assigned by WESCO to assist with adjusting the Claim. Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542

6

of the Texas Insurance Code, for which Plaintiff seeks damages.   Again – some of these misrepresentations can be seen in **Exhibit A**.

29.     Further, the above-named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted underpayment/no payment to Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business.  In fact, because Plaintiff couldn't repair the property, further damage was done to the property.  The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

30.     As a result of TARQUINIO'S material misrepresentations, WESCO has failed to pay Plaintiff what is owed even though the Plaintiff had a policy to protect the property.

IV.    **Breach of Duty of Good Faith and Fair Dealing Against WESCO INSURANCE COMPANY**

31.     Defendant, WESCO, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Wesco knew or should have known liability was reasonably clear.  Defendant, Wesco is therefore liable to Plaintiff.

## V.    Actionable Conduct of AGNESS INSURANCE AGENCY, INC.

32.    Plaintiff herein specifically requested that its Agent, Defendant AGNESS INSURANCE AGENCY, INC., provide coverage sufficient to protect his property for replacement cost in the event of covered perils such as fires and storms. According to TARQUINIO, Plaintiff's Agent, AGNESS INSURANCE AGENCY, INC., failed to procure adequate insurance for the full value of the property. Plaintiff further alleges that the agent violated the Texas Deceptive Trade Practices Act by misrepresenting that goods or services had characteristics that they did not have. Therefore, Defendant WESCO applied the co-insurance penalty and has not paid the Plaintiff's claim in full. Either the adjuster or insurance company is being untruthful about the replacement cost or the value of the property, or the agent failed to use reasonable care in procuring insurance needed to protect the property for replacement cost due to covered perils such as wind and hail storms.

### VI.    Attorneys' Fees

33.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

34.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35.    Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152

8

542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

36.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

37.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

38.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

39.    You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

9

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

10

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
### REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

11

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

      1.    Identify the document's title and general subject matter;

      2.    State its date;

      3.    Identify all persons who participated in its preparation;

      4.    Identify the persons for whom it was prepared or to whom it was sent;

      5.    State the nature of the privilege claimed; and

      6.    State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

      1.    His or her name;

      2.    His or her last known business and residence address and telephone number; and

3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.      If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.      "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.      "Property" means the property at issue in the lawsuit.

J.      "Lawsuit" means this lawsuit.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
        MARC K. WHYTE
        State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

13

## INTERROGATORIES TO DEFENDANT, WESCO INSURANCE COMPANY

1.    Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

      ANSWER:


2.    Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

      ANSWER:


3.    Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

      ANSWER:


4.    Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

      ANSWER:


5.    Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

      ANSWER:


6.    At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

7.   Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

8.   Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.   Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.  State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.  Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.     To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.     State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

15.     Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the commercial building at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

## REQUESTS FOR PRODUCTION TO
## DEFENDANT WESCO INSURANCE COMPANY

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the MAY 10, 2017, as identified in the Petition;
    and b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:


2.  Produce underwriting files and documents relating to the underwriting for all insurance
    policies for the Property at issue. This request is limited to the past 5 years. To the extent
    Defendant contends that the underwriting file or documents older than 5 years impact the
    damages or coverage, produce that underwriting file or document.

    RESPONSE:


3.  All documents relating to the condition or damages of the Property or any insurance
    claim on the Property.

    RESPONSE:


4.  All documents relating to any real property insurance claims made by the Plaintiff(s).

    This request is limited to the past 5 years. To the extent Defendant contends
    that documents older than 5 years impact the damages or coverage, produce that
    document.

    RESPONSE:


5.  All requests for information to any third party about the Property, the Plaintiff(s), or
    the claims made the basis of this Lawsuit.

    RESPONSE:


6.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s)
    or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This
    request is limited to the past 5 years. To the extent Defendant contends that any document

handled the claim made the basis of this Lawsuit.

RESPONSE:


12. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MAY 10, 2017 claimed by Plaintiff(s).

RESPONSE:


13. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:


14. The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO
## DEFENDANT, WESCO INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:    (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:  _____

MARC **K. WHYTE**
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

# Exhibit A

Sent from my iPhone

On May 25, 2017, at 2:16 PM, NPA GROUP <nationalpropertyadvisors@gmail.com>
wrote:

Hi Annette,

Thank you for the emails.

In the meantime, can you put a advance request in for the insured to
make temp repairs or have some type of emergency repair monies given
to him. I don't think he's able to fund and cover the expenses for a
70,000 sqft roof surface. I'm thinking  $ 100,000 to $ 200,000 range
should be sufficient to have temp repairs made.

As you've probably seen from the field adjusters photos, there are holes
in the roof from the hail impacts and the insured is in a mild panic
regarding potential water damage to his inventory below.

Let me know when this advance could be sent out and I will see you out at
the property on June 1st.

Thanks

> On May 25, 2017, at 11:16 AM, Tarquinio, Annette
> <atarquinio@englemartin.com> wrote:

Ben,

Per our conversation this morning, we will plan on re-
inspecting 2503 NE 24th Street in Amarillo TX on Thursday,
June 1st. We will confirm the exact time once we get our
travel arrangements made. If you have any questions,
please feel free to contact me at the numbers noted below.

Thank you!

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Marc Whyte
**To:** Jennifer Saenz
**Subject:** FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection
**Date:** Thursday, July 13, 2017 1:16:57 PM
**Attachments:** image001.png



**MARC K. WHYTE**

1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210-562-2888 (Main)
210-562-2870 (Direct)
www.whytepllc.com

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:05 PM
**To:** Marc Whyte <mwhyte@whytepllc.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Begin forwarded message:

**From:** "Tarquinio, Annette" <atarquinio@englemartin.com>
**Subject: RE: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection**
**Date:** May 25, 2017 at 12:57:37 PM PDT
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Ben Kueng <benkueng@gmail.com>, Jim Koontz <jim@jdkoontz.com>, Troy White <Troy@jdkoontz.com>

Per my conversation with the original adjuster from Engle Martin that inspected this location in the past few days, there are no current leaks that are contributable to the hail storm. I am not sure exactly how you plan to temporarily repair the roof and what that repair would be accomplishing since the roof is not currently leaking, but I will be happy to forward any proposals you have for these repairs to the carrier and we can discuss an advance payment once we have an estimate for this cost.

Otherwise, let's see if we can get an agreed scope of repair next week and the insured can begin the process of finding a roofing contractor to complete these repairs before

they start to experience significant leaking.

Thank you!

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Thursday, May 25, 2017 2:17 PM
**To:** Tarquinio, Annette <atarquinio@englemartin.com>
**Cc:** nationalpropertyadvisors@gmail.com; Ben Kueng <benkueng@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514
EMA # 1000192009 - re-inspection

Hi Annette,

Thank you for the emails.

In the meantime, can you put a advance request in for the insured to make temp repairs or have some type of emergency repair monies given to him. I don't think he's able to fund and cover the expenses for a 70,000 sqft roof surface. I'm thinking $ 100,000 to $ 200,000 range should be sufficient to have temp repairs made.

As you've probably seen from the field adjusters photos, there are holes in the roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.

Let me know when this advance could be sent out and I will see you out at the property on June 1st.

Thanks

On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

Per our conversation this morning, we will plan on re-inspecting 2503 NE 24th Street in Amarillo TX on Thursday, June 1st.  We will confirm the exact time once we get our travel arrangements made.  If you have any questions, please feel free to contact me at the numbers noted below.

Thank you!

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Marc Whyte
**To:** Jennifer Kwous
**Subject:** FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection
**Date:** Thursday, July 13, 2017 1:16:33 PM
**Attachments:** Home angle snapshot estimate.pdf
Home angle appraisal report.pdf
A brown contract home angle .tif
home003.bmp



**MARC K. WHYTE**

1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210-562-2588 (Main)
210-562-2870 (Direct)
www.whyteplic.com

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:07 PM
**To:** Marc Whyte <mwhyte@whyteplic.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Begin forwarded message:

**From:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection
**Date:** June 2, 2017 at 11:51:23 AM PDT
**To:** Annette Tarquinto <atarquinto@englemartin.com>
**Cc:** Ben Kueng <benkueng@gmail.com>, Ben Kueng <k3adjusting@gmail.com>, nationalpropertyadvisors@gmail.com

Annette,

Just wanted to do a recap regarding our joint inspection yesterday with the engineers.

Just so we're on the same page, we all agree that the buildings roof system are damaged from hail impacts and will outline our next steps in a bullet point format below.

1.  Roof coring photo 1 show ( 1.5 to 2inches of SPF foam as the top layer of the roof system
2.  Roof coring photo 2 shows ( 3-4 ply BU membrane w/2 inch of fiberboard on top of another 3ply BU roof system with 1 inch fiberboard)  with is essentially 3 roof systems if you combine all components on the roof.

Per the Amarillo building code guidelines. As of today, this roof will need to be R30 energy code compliant and as it currently stands it does not meet the sufficient requirements. As you most likely know, this roof cannot be scarified or repaired because it already has the maximum number of roof systems allowed on the building.

Our next step is securing an agreement on scope with the contractor and pinpointing all necessary items and details associated with this repair. At this point we are only interested in the roof portion of the building for obvious reasons due to the possible weather conditions ahead of us. We will follow back up on the HVAC repairs at a later date in time and send over our estimate for that as well. Our roof estimate is forthcoming and you should have it the first part of next week.

Finally, when do you think you'll be able to send out that undisputed amount for an advance to the structure we spoke of





?

If you have any questions, please do not hesitate to call or email me.

Thanks
Ben

On Jun 2, 2017, at 6:26 AM, Ben Kueng <benkueng@gmail.com> wrote:

Thank you for the policy, Annette.

I have attached a copy of the appraisal award and estimate from 2013. I have also attached a copy of K Simons contract for the current claim. Please note the paragraph stating that K Simon will be doing all work "per insurance proceeds"

Any other requests for additional contractor bids will be construed as Tortious Interference and will not be acknowledged by myself or the insured.,

I do not have copies of the foam invoice. Essentially, it is a moot point and completely irrelevant to the existing claim. Whether the insured paid $1 or $1 million dollars to foam the

roof, Amtrust took the policy and therefore it is amtrusts duty to bring the insured back to "whole" Furthermore, if Amtrust intends on delaying this claim due to the fact that I will not be providing a copy of the foam invoice, it will be my opinion that you and Amtrust would be acting in bad faith.

I will forward you a copy of my estimate as soon as its completed.

Regards,

Ben

On Thu, Jun 1, 2017 at 3:56 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

> Ben,
>
> I have attached a complete copy of the policy for your review.
>
> **Annette Tarquinio**
> **Executive General Adjuster**
>
> **Engle Martin & Associates**
>
> 17304 Preston Road | Suite 975
>
> Dallas, TX 75252
> O: 214.239.0913 | M: 469.400.2361
> www.englemartin.com | atarquinio@englemartin.com
>
> CONFIDENTIALITY. This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is wholly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.
>
> ---
>
> From: Ben Kueng [mailto:benkueng@gmail.com]
> Sent: Thursday, June 01, 2017 12:59 PM
> To: NPA GROUP <nationalexpertsadvisors@gmail.com>
> Cc: Tarquinio, Annette <atarquinio@englemartin.com>; Ben Kueng <benkueng@gmail.com>
> Subject: Re: Pride Home Center, Inc.; Wtt Flooring Center, LLC. Amtrust claim 2898514 EMA # 1000392009 - re-inspection
>
> Hi Annette, It was good meeting wkh you today. Per our conversation please forward me the amount of code upgrade that the insured has as well as a request for any other documents that you need from me in order to get a check sent out to the insured immediately.
>
> Regards,
>
> Ben Kueng
> Sent from my iPhone
>
> > On May 25, 2017, at 2:16 PM, NPA GROUP <nationalexpertsadvisors@gmail.com> wrote:
> >
> > Hi Annette,
> >
> > Thank you for the emails.
> >
> > In the meantime, can you put a advance request in for the insured to make temp repairs or have some type of emergency repair monies given to him. I don't think he's able to fund and cover the expenses for a 70,000 sqft roof surface. I'm thinking  $ 100,000 to $ 200,000 range should be sufficient to have temp repairs made.
> >
> > As you've probably seen from the field adjusters photos, there are holes in the roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.
> >
> > Let me know when this advance could be sent out and I will see you out at the property on June 1st.
> >
> > Thanks
> >
> > > On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:
> > >
> > > Ben,
> > >
> > > Per our conversation this morning, we will plan on re-inspecting 2503 NE 24th Street in Amarillo TX on Thursday, June 1st.  We will confirm the exact time once we get our travel arrangements made. If you have any questions, please feel free to contact me at the numbers noted below.
> > >
> > > Thank you!

Annette Tarquinio
Executive General Adjuster

**Engle Martin & Associates**

17304 Preston Road | Suite 975

Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may not be privileged. If you are not the intended recipient(s), please note that any disclosure, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose its contents to another person, use it for any purpose, store or copy the information in any medium.

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

| From: | Marc Whyte |
|---|---|
| To: | Jennifer Saenz |
| Subject: | FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection |
| Date: | Thursday, July 13, 2017 1:15:56 PM |
| Attachments: | image001.png |



## MARC K. WHYTE

1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210-562-2888 (Main)
210-562-2870 (Direct)
www.whytepllc.com

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:07 PM
**To:** Marc Whyte <mwhyte@whytepllc.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA #
1000192009 - re-inspection

Begin forwarded message:

**From:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Subject: Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust
claim 2698514 EMA # 1000192009 - re-inspection**
**Date:** June 6, 2017 at 11:19:23 AM PDT
**To:** "Tarquinio, Annette" <atarquinio@englemartin.com>,
nationalpropertyadvisors@gmail.com
**Cc:** Ben Kueng <benkueng@gmail.com>, Ben Kueng <k2adjusting@gmail.com>

Annette,

Thank you for the update and acknowledgement of replacing the roof. As for the remedy
of repairs, why are you seeking bids for the roof components ? Are you uncomfortable
with Xactimate prices or the outcome of the roof replacement using this accepted
insurance industry estimate software ?

To answer your question, I have no idea what the insured plans on going back with on the
roof at this time. What I do know is the carrier owes for removing and replacing each line
item on the roof regardless what our insured decides to go back with. We've spent a few

hours with the GC doing the work this past weekend agreeing on the scope of work and should have an estimate to you tomorrow.  As for the greenhouse, we will use Xactimate to calculate the repair costs based on square footage.

We will include these items in our estimate and use Xactimate to calculate the repair estimate

Roof replacement main roof

1. SPF foam roof
2. 1st layer of BU roof with gravel ballast
3. 1st layer of FB
4. 2nd layer of BU
5. 2nd layer of FB
6. Greenhouse roof cover

Rental Center
6. R&R metal roof panels and components

Detached Metal Roof coverings
7. R&R metal roof panels and components

HVAC
8. Estimate from HVAC contractor

OSHA Compliance Guidelines
General Conditions

I hope your estimate is prepared in Xactimate so we can compare apples to apples instead of individual bids from contractors.

As for the timeline for the undisputed items for the roof.  When can we expect a partial indemnity check to be sent out to the insured for the roof portion ?  I know Home Pride Center wants to get moving on the roof and doesn't want the carrier to delay the claim further with the HVAC experts report in a few weeks.

Thanks
Ben


On Jun 6, 2017, at 9:29 AM, Tarquinio, Annette
<atarquinio@englemartin.com> wrote:

Ben,

I appreciate the urgency but this is a large roof and complicated scope and will take us a little while to get a complete measure in order to issue a payment. I spoke to the engineer and he does agree that the current roof has two layers and that in order to facilitate the repairs, the entire roof will need to be removed, insulated to code and a new roofing system installed. Getting an estimate for a new insulated foam roof will take a little work. I assume the insured will insulate and install a new TPO instead? I would be happy to review any estimates that you have for the roof replacement so that we can begin to reach an agreed scope and price for these repairs.

In addition, we have retained Commercial Insurance Services (CIS) to inspect the HVAC units and provide an estimate for the repairs needed due to the hail damage. The greenhouse roof was not included in the 2013 appraisal so we will need to get an estimate to replace this roof as well and it looks to be a specialty item. Does the insured have a company that they used originally that can give an estimate to replace the cover?

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Tuesday, June 06, 2017 8:10 AM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>; Ben Kueng <k2adjusting@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Good morning Annette,

Can you please tell me when the first check will be released for Home Pride Center? The insured is very eager to get started on the roof replacement.

Thanks,

Ben

On Fri, Jun 2, 2017 at 1:51 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

Annette,

Just wanted to do a recap regarding our joint inspection yesterday
with the engineers.

Just so we're on the same page, we all agree that the buildings roof
system are damaged from hail impacts and will outline our next steps
in a bullet point format below.

1.  Roof coring photo 1 show ( 1.5 to 2inches of SPF foam as the
top layer of the roof system
2.  Roof coring photo 2 shows ( 3-4 ply BU membrane w/2 inch of
fiberboard on top of another 3ply BU roof system with 1 inch
fiberboard)  with is essentially 3 roof systems if you combine all
components on the roof.

Per the Amarillo building code guidelines.  As of today, this roof will
need to be R30 energy code complaint and as it currently stands it
does not meet the sufficient requirements.  As you most likely know,
this roof cannot be scarified or repaired because it already has the
maximum number of roof systems allowed on the building.

Our next step is securing an agreement on scope with the contractor
and pinpointing all necessary items and details associated with this
repair.  At this point we are only interested in the roof portion of the
building for obvious reasons due to the possible weather conditions
ahead of us.  We will follow back up on the HVAC repairs at a later
date in time and send over our estimate for that as well.   Our roof
estimate is forthcoming and you should have it the first part of next
week.

Finally,  when do you think you'll be able to send out that undisputed
amount for an advance to the structure we spoke of

?

If you have any questions, please do not hesitate to call or email me.

Thanks
Ben

On Jun 2, 2017, at 6:26 AM, Ben Kueng
<benkueng@gmail.com> wrote:

Thank you for the policy, Annette.

I have attached a copy of the appraisal award and
estimate from 2013. I have also attached a copy of K
Simons contract for the current claim. Please note the
paragraph stating that K Simon will be doing all work
"per insurance proceeds"

Any other requests for additional contractor bids will be
construed as Tortious Interference and will not be
acknowledged by myself or the insured..

I do not have copies of the foam invoice. Essentially, it
is a moot point and completely irrelevant to the existing
claim. Whether the insured paid $1 or $1 million dollars
to foam the roof, Amtrust took the policy and therefore
it is amtrusts duty to bring the insured back to
"whole" Furthermore, If Amtrust intends on delaying
this claim due to the fact that I will not be providing
a copy of the foam invoice, it will be my opinion that
you and Amtrust would be acting in bad faith.

I will forward you a copy of my estimate as soon as its
completed.

Regards,

Ben

On Thu, Jun 1, 2017 at 3:56 PM, Tarquinio, Annette
<atarquinio@englemartin.com> wrote:

Ben,

I have attached a complete copy of the policy for your
review.

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361

www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential
and may also be privileged. If you are not the intended recipient(s),
please note that any distribution, copying or use of this communication
or the information in it, is strictly prohibited. If you are not the named
recipient(s), please notify the sender immediately and do not disclose
the contents to another person, use it for any purpose, store or copy the
information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Thursday, June 01, 2017 12:59 PM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>;
Ben Kueng <benkueng@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring
Center, LLC. Amtrust claim 2698514 EMA # 1000192009 -
re-inspection

Hi Annette, It was good meeting with you today. Per
our conversation please forward me the amount of
code upgrade that the insured has as well as a request
for any other documents that you need from me in
order to get a check sent out to the insured
immediately.

Regards,

Ben kueng
Sent from my iPhone

On May 25, 2017, at 2:16 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

> Hi Annette,
>
> Thank you for the emails.
>
> In the meantime, can you put a advance
> request in for the insured to make temp
> repairs or have some type of emergency
> repair monies given to him. I don't think
> he's able to fund and cover the expenses
> for a 70,000 sqft roof surface. I'm
> thinking $ 100,000 to $ 200,000 range
> should be sufficient to have temp repairs
> made.
>
> As you've probably seen from the field
> adjusters photos, there are holes in the

roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.

Let me know when this advance could be sent out and I will see you out at the property on June 1st.

Thanks

> On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:
>
> Ben,
>
> Per our conversation this morning, we will plan on re-inspecting 2503 NE 24th Street in Amarillo TX on Thursday, June 1st. We will confirm the exact time once we get our travel arrangements made. If you have any questions, please feel free to contact me at the numbers noted below.
>
> Thank you!
>
> **Annette Tarquinio**
> *Executive General Adjuster*
> **Engle Martin & Associates**
>
> 17304 Preston Road | Suite 975
> Dallas, TX 75252
> O: 214.239.0913 |
> M: 469.400.2361
> www.englemartin.com | atarquinio@englemartin.com
>
> CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not

disclose the contents to another
person, use it for any purpose, store or
copy the information in any medium.

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

| | |
|---|---|
| **From:** | Marc Whyte |
| **To:** | Jennifer Saenz |
| **Subject:** | FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection |
| **Date:** | Thursday, July 13, 2017 1:15:16 PM |
| **Attachments:** | Image001.png |



## MARC K. WHYTE

1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210-562-2888 (Main)
210-562-2870 (Direct)
www.whytepllc.com

---

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:08 PM
**To:** Marc Whyte <mwhyte@whytepllc.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Begin forwarded message:

**From:** Ben Kueng <benkueng@gmail.com>
**Subject: Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection**
**Date:** June 6, 2017 at 3:19:51 PM PDT
**To:** "Tarquinio, Annette" <atarquinio@englemartin.com>
**Cc:** NPA GROUP <nationalpropertyadvisors@gmail.com>, Ben Kueng <k2adjusting@gmail.com>, "dsb063@yahoo.com" <dsb063@yahoo.com>, Troy White <Troy@jdkoontz.com>

Annette,

It was my understanding that the insurance company is responsible to pay for like kind and quality. I would assume that if amtrust agreed to take the policy that amtrust deemed this property insurable. Please site in the policy where amtrust is only responsible for removing a maximum of 2 layers of roofing. Please forward any and all documentation regarding the this policy request via email. I have reviewed the policy in detail and for the life of me I cant seem to find anything relating to max allowances for roof layers.

I reviewed my pictures and it appears that all core samples are the same, which indicates

that the roofing system is the same through out. The only difference that I can see between the samples, is the area that did not have gravel. There is no evidence that this area was a prior repair, although I am not ruling it out.

Again, I am asking that payment of the roof is not delayed due to the HVAC inspection. I think it is imperative that we come to an agreement on the roofing items in the shortest amount of time possible in order to prevent any potential leaking due to inclement weather.

Ben

On Tue, Jun 6, 2017 at 2:01 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

I don't recall that the roof had two layers of built up and insulation between except in that one area at the back of the róof in which we assumed was a prior repair. The rest of the samples came back with just one built up roof with the insulated foam on top. If the entire roof has two layers of built up roofing and a third layer of insulated foam on top of that, then the insured currently has three layers of roofing. The insured should not have been allowed to obtain a permit for the insulated foam roofing when it was installed last year due to the current code applicable in Amarillo. If this is indeed the case, this will impact the scope of repair as we would not owe to remove the two layers that should have been removed when the new roof was installed.

This is why it is important that we get an accurate evaluation of the roof by waiting until we have the engineer report with his scope recommendations in writing and then using this information to obtain an accurate estimate to replace the roof with like, kind and quality. I anticipate that we won't have the engineer report for at least another week and I will forward you a copy upon receipt.

I am surprised that you want to use the xactimate price for the greenhouse. I am not sure that is an accurate reflection of what the insured currently has and it may not be enough money to replace this roofing system. I still think an estimate from a local contractor who specializes in these roofs would be safer for the policyholder.

An actual cash value payment for the roof replacement will be issued once we have completed our investigation and evaluation of the roof.

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Tuesday, June 06, 2017 1:19 PM
**To:** Tarquinio, Annette <atarquinio@englemartin.com>;
nationalpropertyadvisors@gmail.com
**Cc:** Ben Kueng <benkueng@gmail.com>; Ben Kueng <k2adjusting@gmail.com>

**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514
EMA # 1000192009 - re-inspection

Annette,

Thank you for the update and acknowledgement of replacing the roof.  As for the remedy of repairs, why are you seeking bids for the roof components ?  Are you uncomfortable with Xactimate prices or the outcome of the roof replacement using this accepted insurance industry estimate software ?

To answer your question, I have no idea what the insured plans on going back with on the roof at this time.  What I do know is the carrier owes for removing and replacing each line item on the roof regardless what our insured decides to go back with.  We've spent a few hours with the GC doing the work this past weekend agreeing on the scope of work and should have an estimate to you tomorrow.  As for the greenhouse, we will use Xactimate to calculate the repair costs based on square footage.

We will include these items in our estimate and use Xactimate to calculate the repair estimate

Roof replacement main roof

1. SPF foam roof
2. 1st layer of BU roof with gravel ballast
3. 1st layer of FB
4. 2nd layer of BU
5. 2nd layer of FB
6. Greenhouse roof cover

Rental Center
6. R&R metal roof panels and components

Detached Metal Roof coverings
7. R&R metal roof panels and components

HVAC
8. Estimate from HVAC contractor

OSHA Compliance Guidelines
General Conditions

I hope your estimate is prepared in Xactimate so we can compare apples to apples instead of individual bids from contractors.

As for the timeline for the undisputed items for the roof. When can we expect a partial indemnity check to be sent out to the insured for the roof portion ? I know Home Pride Center wants to get moving on the roof and doesn't want the carrier to delay the claim further with the HVAC experts report in a few weeks.

Thanks
Ben

> On Jun 6, 2017, at 9:29 AM, Tarquinio, Annette
> <atarquinio@englemartin.com> wrote:
>
> Ben,
>
> I appreciate the urgency but this is a large roof and complicated scope and will take us a little while to get a complete measure in order to issue a payment. I spoke to the engineer and he does agree that the current roof has two layers and that in order to facilitate the repairs, the entire roof will need to be removed, insulated to code and a new roofing system installed. Getting an estimate for a new insulated foam roof will take a little work. I assume the insured will insulate and install a new TPO instead? I would be happy to review any estimates that you have for the roof replacement so that we can begin to reach an agreed scope and price for these repairs.
>
> In addition, we have retained Commercial Insurance Services (CIS) to inspect the HVAC units and provide an estimate for the repairs needed due to the hail damage. The greenhouse roof was not included in the 2013 appraisal so we will need to get an estimate to replace this roof as well and it looks to be a specialty item. Does the insured have a company that they used originally that can give an estimate to replace the cover?
>
> **Annette Tarquinio**
> *Executive General Adjuster*
> **Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be
privileged. If you are not the intended recipient(s), please note that any distribution, copying or
use of this communication or the information in it, is strictly prohibited. If you are not the
named recipient(s), please notify the sender immediately and do not disclose the contents to
another person, use it for any purpose, store or copy the information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Tuesday, June 06, 2017 8:10 AM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>; Ben Kueng
<k2adjusting@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust
claim 2698514 EMA # 1000192009 - re-inspection

Good morning Annette,

Can you please tell me when the first check will be released for Home Pride
Center? The insured is very eager to get started on the roof replacement.

Thanks,

Ben

On Fri, Jun 2, 2017 at 1:51 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

> Annette,
>
> Just wanted to do a recap regarding our joint inspection yesterday with
> the engineers.
>
> Just so we're on the same page, we all agree that the buildings roof
> system are damaged from hail impacts and will outline our next steps in a
> bullet point format below.
>
> 1. Roof coring photo 1 show ( 1.5 to 2inches of SPF foam as the top
> layer of the roof system
> 2. Roof coring photo 2 shows ( 3-4 ply BU membrane w/2 inch of
> fiberboard on top of another 3ply BU roof system with 1 inch fiberboard)
> with is essentially 3 roof systems if you combine all components on the
> roof.

Per the Amarillo building code guidelines. As of today, this roof will need to be R30 energy code complaint and as it currently stands it does not meet the sufficient requirements. As you most likely know, this roof cannot be scarified or repaired because it already has the maximum number of roof systems allowed on the building.

Our next step is securing an agreement on scope with the contractor and pinpointing all necessary items and details associated with this repair. At this point we are only interested in the roof portion of the building for obvious reasons due to the possible weather conditions ahead of us. We will follow back up on the HVAC repairs at a later date in time and send over our estimate for that as well.  Our roof estimate is forthcoming and you should have it the first part of next week.

Finally,  when do you think you'll be able to send out that undisputed amount for an advance to the structure we spoke of

?

If you have any questions, please do not hesitate to call or email me.

Thanks
Ben

> On Jun 2, 2017, at 6:26 AM, Ben Kueng
> <benkueng@gmail.com> wrote:
>
> Thank you for the policy, Annette.
>
> I have attached a copy of the appraisal award and estimate
> from 2013. I have also attached a copy of K Simons contract
> for the current claim. Please note the paragraph stating that
> K Simon will be doing all work "per insurance proceeds"
>
> Any other requests for additional contractor bids will be
> construed as Tortious Interference and will not be
> acknowledged by myself or the insured..
>
> I do not have copies of the foam invoice. Essentially, it is a
> moot point and completely irrelevant to the existing claim.
> Whether the insured paid $1 or $1 million dollars to foam

the roof, Amtrust took the policy and therefore it is
amtrusts duty to bring the insured back to
"whole" Furthermore, if Amtrust intends on delaying
this claim due to the fact that I will not be providing a copy
of the foam invoice, it will be my opinion that you and
Amtrust would be acting in bad faith.

I will forward you a copy of my estimate as soon as its
completed.

Regards,

Ben

On Thu, Jun 1, 2017 at 3:56 PM, Tarquinio, Annette
<atarquinio@englemartin.com> wrote:

Ben,

I have attached a complete copy of the policy for your
review.

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential
and may also be privileged. If you are not the intended recipient(s),
please note that any distribution, copying or use of this communication
or the information in it, is strictly prohibited. If you are not the named
recipient(s), please notify the sender immediately and do not disclose
the contents to another person, use it for any purpose, store or copy the
information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Thursday, June 01, 2017 12:59 PM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>;
Ben Kueng <benkueng@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring
Center, LLC. Amtrust claim 2698514 EMA # 1000192009 -
re-inspection

Hi Annette, It was good meeting with you today. Per our conversation please forward me the amount of code upgrade that the Insured has as well as a request for any other documents that you need from me in order to get a check sent out to the insured immediately.

Regards,

Ben kueng
Sent from my iPhone

On May 25, 2017, at 2:16 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

> Hi Annette,
>
> Thank you for the emails.
>
> In the meantime, can you put a advance request in for the insured to make temp repairs or have some type of emergency repair monies given to him. I don't think he's able to fund and cover the expenses for a 70,000 sqft roof surface. I'm thinking $ 100,000 to $ 200,000 range should be sufficient to have temp repairs made.
>
> As you've probably seen from the field adjusters photos, there are holes in the roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.
>
> Let me know when this advance could be sent out and I will see you out at the property on June 1st.
>
> Thanks
>
>> On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:
>>
>> Ben,
>>
>> Per our conversation this morning, we will plan on re-

inspecting 2503 NE 24th Street
in Amarillo TX on Thursday,
June 1st.  We will confirm the
exact time once we get our
travel arrangements made.  If
you have any questions, please
feel free to contact me at the
numbers noted below.

Thank you!

**Annette Tarquinio**
*Executive General
Adjuster*
**Engle Martin & Associates**

17304 Preston Road |
Suite 975
Dallas, TX 75252
O: 214.239.0913 |
M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and
any attachments are confidential and
may also be privileged. If you are not
the intended recipient(s), please note
that any distribution, copying or use of
this communication or the information
in it, is strictly prohibited.  If you are not
the named recipient(s), please notify
the sender immediately and do not
disclose the contents to another
person, use it for any purpose, store or
copy the information in any medium.

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

From:      Marc Whyte
To:        Jennifer Saenz
Subject:   FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection
Date:      Thursday, July 13, 2017 1:14:57 PM
Attachments: image001.png



**MARC K. WHYTE**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210-562-2888 (Main)
210-562-2870 (Direct)
www.whytepllc.com

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:08 PM
**To:** Marc Whyte <mwhyte@whytepllc.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-Inspection

Begin forwarded message:

**From:** Ben Kueng <k2adjusting@gmail.com>
**Subject: Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514
EMA # 1000192009 - re-Inspection**
**Date:** June 8, 2017 at 1:03:27 PM PDT
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Annette Tarquinio <atarquinio@englemartin.com>, Ben Kueng <benkueng@gmail.com>

Hello Annette, did you get a chance to review my estimate?

I received a call from the insured today that there's a severe weather threat in the Amarillo area today. I
believe it is imperative to reach a resolution to this claim and get a check issued immediately to avoid any
further damage, including interior damage to the building.

Please let me know the status of this claim at your earliest convenience.

Ben

Sent from my iPhone

On Jun 7, 2017, at 1:27 PM, NPA GROUP <nationalpropertyadvisors@gmail.com> wrote:

Annette,

See attached estimate for the mentioned damages at Pride Home Center.

Estimate reflects complete tear off, removal and replacement of all like kind and quality components on the existing roof necessary for build back purposes.

Please review and give me your thoughts on this estimate and if you agree or not. I would like to nail down the roof portion right away and leave the HVAC open until your experts have completed their report. No sense in delaying the claim further on items we already know that are undisputed, wouldn't you agree ?

An advance in good faith goes a long way in this industry now. I will be awaiting your response.

Thanks
Ben

<Pride Home Center 3503NE24TH-1 Final Draft with_without Removal Depreciation.pdf>

On Jun 6, 2017, at 3:19 PM, Ben Kueng <benkueng@gmail.com> wrote:

Annette,

It was my understanding that the insurance company is responsible to pay for like kind and quality. I would assume that if amtrust agreed to take the policy that amtrust deemed this property insurable. Please site in the policy where amtrust is only responsible for removing a maximum of 2 layers of roofing. Please forward any and all documentation regarding the this policy request via email. I have reviewed the policy in detail and for the life of me I cant seem to find anything relating to max allowances for roof layers.

I reviewed my pictures and it appears that all core samples are the same, which indicates that the roofing system is the same through out. The only difference that I can see between the samples, is the area that did not have gravel. There is no evidence that this area was a prior repair, although I am not ruling it out.

Again, I am asking that payment of the roof is not delayed due to the HVAC inspection. I think it is imperative that we come to an agreement on the roofing items in the shortest amount of time possible in order to prevent any potential leaking due to inclement weather.

Ben

On Tue, Jun 6, 2017 at 2:01 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

I don't recall that the roof had two layers of built up and insulation between except in that one area at the back of the roof in which we assumed was a prior repair. The rest of the samples came back with just one built up roof with the insulated foam on top. If the entire roof has two layers of built up

roofing and a third layer of insulated foam on top of that, then the Insured currently has three layers of roofing. The Insured should not have been allowed to obtain a permit for the insulated foam roofing when it was Installed last year due to the current code applicable in Amarillo. If this is indeed the case, this will impact the scope of repair as we would not owe to remove the two layers that should have been removed when the new roof was installed.

This is why it is important that we get an accurate evaluation of the roof by waiting until we have the engineer report with his scope recommendations in writing and then using this information to obtain an accurate estimate to replace the roof with like, kind and quality. I anticipate that we won't have the engineer report for at least another week and I will forward you a copy upon receipt.

I am surprised that you want to use the xactimate price for the greenhouse. I am not sure that is an accurate reflection of what the insured currently has and it may not be enough money to replace this roofing system. I still think an estimate from a local contractor who specializes in these roofs would be safer for the policyholder.

An actual cash value payment for the roof replacement will be issued once we have completed our investigation and evaluation of the roof.

**Annette Tarquinio**
***Executive General Adjuster***
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Tuesday, June 06, 2017 1:19 PM
**To:** Tarquinio, Annette <atarquinio@englemartin.com>;
nationalpropertyadvisors@gmail.com
**Cc:** Ben Kueng <benkueng@gmail.com>; Ben Kueng
<k2adjusting@gmail.com>

**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Annette,

Thank you for the update and acknowledgement of replacing the roof. As

for the remedy of repairs, why are you seeking bids for the roof components ?  Are you uncomfortable with Xactimate prices or the outcome of the roof replacement using this accepted Insurance Industry estimate software ?

To answer your question, I have no idea what the insured plans on going back with on the roof at this time.  What I do know is the carrier owes for removing and replacing each line item on the roof regardless what our insured decides to go back with.   We've spent a few hours with the GC doing the work this past weekend agreeing on the scope of work and should have an estimate to you tomorrow.   As for the greenhouse, we will use Xactimate to calculate the repair costs based on square footage.

We will include these items in our estimate and use Xactimate to calculate the repair estimate

Roof replacement main roof

1.  SPF foam roof
2.  1st layer of BU roof with gravel ballast
3.  1st layer of FB
4.  2nd layer of BU
5.  2nd layer of FB
6.  Greenhouse roof cover

Rental Center
6. R&R metal roof panels and components

Detached Metal Roof coverings
7. R&R metal roof panels and components

HVAC
8. Estimate from HVAC contractor

OSHA Compliance Guidelines
General Conditions

I hope your estimate is prepared in Xactimate so we can compare apples to apples instead of individual bids from contractors.

As for the timeline for the undisputed items for the roof.  When can we expect a partial indemnity check to be sent out to the Insured for the roof portion ?  I know Home Pride Center wants to get moving on the roof and doesn't want the carrier to delay the claim further with the HVAC experts report in a few weeks.

Thanks
Ben



On Jun 6, 2017, at 9:29 AM, Tarquinio, Annette
<atarquinio@englemartin.com> wrote:

Ben,

I appreciate the urgency but this is a large roof and complicated scope and will take us a little while to get a complete measure in order to issue a payment. I spoke to the engineer and he does agree that the current roof has two layers and that in order to facilitate the repairs, the entire roof will need to be removed, insulated to code and a new roofing system installed. Getting an estimate for a new insulated foam roof will take a little work. I assume the insured will insulate and install a new TPO instead? I would be happy to review any estimates that you have for the roof replacement so that we can begin to reach an agreed scope and price for these repairs.

In addition, we have retained Commercial Insurance Services (CIS) to inspect the HVAC units and provide an estimate for the repairs needed due to the hail damage. The greenhouse roof was not included in the 2013 appraisal so we will need to get an estimate to replace this roof as well and it looks to be a specialty item. Does the insured have a company that they used originally that can give an estimate to replace the cover?

**Annette Tarquinio**
**_Executive General Adjuster_**
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Tuesday, June 06, 2017 8:10 AM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>; Ben Kueng <k2adjusting@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-Inspection

Good morning Annette,

Can you please tell me when the first check will be released for Home Pride Center? The insured is very eager to get started on the roof replacement.

Thanks,

Ben


On Fri, Jun 2, 2017 at 1:51 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

Annette,

Just wanted to do a recap regarding our joint inspection
yesterday with the engineers.

Just so we're on the same page, we all agree that the
buildings roof system are damaged from hail impacts and
will outline our next steps in a bullet point format below.

1.  Roof coring photo 1 show ( 1.5 to 2inches of SPF foam
as the top layer of the roof system
2.  Roof coring photo 2 shows ( 3-4 ply BU membrane w/2
inch of fiberboard on top of another 3ply BU roof system
with 1 inch fiberboard)  with is essentially 3 roof systems if
you combine all components on the roof.

Per the Amarillo building code guidelines.  As of today, this
roof will need to be R30 energy code complaint and as it
currently stands it does not meet the sufficient
requirements.  As you most likely know, this roof cannot be
scarified or repaired because it already has the maximum
number of roof systems allowed on the building.

Our next step is securing an agreement on scope with the
contractor and pinpointing all necessary items and details
associated with this repair.  At this point we are only
interested in the roof portion of the building for obvious
reasons due to the possible weather conditions ahead of us.
We will follow back up on the HVAC repairs at a later date in
time and send over our estimate for that as well.  Our roof
estimate is forthcoming and you should have it the first part
of next week.

Finally,  when do you think you'll be able to send out that
undisputed amount for an advance to the structure we
spoke of


?

If you have any questions, please do not hesitate to call or
email me.

Thanks
Ben

On Jun 2, 2017, at 6:26 AM, Ben Kueng
<benkueng@gmail.com> wrote:

Thank you for the policy, Annette.

I have attached a copy of the appraisal award
and estimate from 2013. I have also attached a
copy of K Simons contract for the current
claim. Please note the paragraph stating that K
Simon will be doing all work "per insurance
proceeds"

Any other requests for additional
contractor bids will be construed as Tortious
Interference and will not be acknowledged by
myself or the insured..

I do not have copies of the foam invoice.
Essentially, it is a moot point and completely
irrelevant to the existing claim. Whether the
insured paid $1 or $1 million dollars to foam
the roof, Amtrust took the policy and therefore
it is amtrusts duty to bring the insured back to
"whole" Furthermore, if Amtrust intends
on delaying this claim due to the fact that I will
not be providing a copy of the foam invoice, it
will be my opinion that you and Amtrust would
be acting in bad faith.

I will forward you a copy of my estimate as
soon as its completed.

Regards,

Ben

On Thu, Jun 1, 2017 at 3:56 PM, Tarquinio,
Annette <atarquinio@englemartin.com>
wrote:

Ben,

I have attached a complete copy of the
policy for your review.

**Annette Tarquinio**
***Executive General Adjuster***
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments
are confidential and may also be privileged. If you are
not the intended recipient(s), please note that any
distribution, copying or use of this communication or
the information in it, is strictly prohibited. If you are not
the named recipient(s), please notify the sender
immediately and do not disclose the contents to
another person, use it for any purpose, store or copy
the information in any medium.

**From:** Ben Kueng
[mailto:benkueng@gmail.com]
**Sent:** Thursday, June 01, 2017 12:59 PM
**To:** NPA GROUP
<nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette
<atarquinio@englemartin.com>; Ben Kueng
<benkueng@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt
Flooring Center, LLC. Amtrust claim 2698514
EMA # 1000192009 - re-inspection

Hi Annette, It was good meeting with you
today. Per our conversation please forward
me the amount of code upgrade that the
insured has as well as a request for any
other documents that you need from me in
order to get a check sent out to the insured
immediately.

Regards,

Ben kueng
Sent from my iPhone

On May 25, 2017, at 2:16 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com>
wrote:

> Hi Annette,
>
> Thank you for the emails.
>
> In the meantime, can you put a
> advance request in for the
> insured to make temp repairs
> or have some type of
> emergency repair monies given
> to him. I don't think he's able

to fund and cover the expenses for a 70,000 sqft roof surface. I'm thinking $ 100,000 to $ 200,000 range should be sufficient to have temp repairs made.

As you've probably seen from the field adjusters photos, there are holes in the roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.

Let me know when this advance could be sent out and I will see you out at the property on June 1st.

Thanks

On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

Per our conversation this morning, we will plan on re-inspecting 2503 NE 24th Street in Amarillo TX on Thursday, June 1st. We will confirm the exact time once we get our travel arrangements made. If you have any questions, please feel free to contact me at the numbers noted below.

Thank you!

**Annette
Tarquinio**
*Executive
General
Adjuster*
**Engle Martin &
Associates**

17304 Preston
Road | Suite
975
Dallas, TX
75252
O: 214.239.0913 |
M: 469.400.2361

www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY:
This e-mail and any
attachments are
confidential and may
also be privileged. If
you are not the
intended recipient(s),
please note that any
distribution, copying or
use of this
communication or the
information in it, is
strictly prohibited. If
you are not the named
recipient(s), please
notify the sender
immediately and do
not disclose the
contents to another
person, use it for any
purpose, store or copy
the information in any
medium.

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

**From:** Marc Whyte
**To:** Jennifer Saenz
**Subject:** FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection
**Date:** Thursday, July 13, 2017 1:14:50 PM
**Attachments:** Pride Home Center 3503NE24TH-1 Final Draft with without Removal Depreciation.pdf
image001.png



**MARC K. WHYTE**

1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210-562-2888 (Main)
210-562-2870 (Direct)
www.whyteplic.com

---

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:08 PM
**To:** Marc Whyte <mwhyte@whyteplic.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Begin forwarded message:

**From:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection
**Date:** June 7, 2017 at 11:27:00 AM PDT
**To:** Annette Tarquinio <atarquinio@englemartin.com>
**Cc:** Ben Kueng <benkueng@gmail.com>, Ben Kueng <k2adjusting@gmail.com>, nationalpropertyadvisors@gmail.com

Annette,

See attached estimate for the mentioned damages at Pride Home Center.

Estimate reflects complete tear off, removal and replacement of all like kind.and quality components on the existing roof necessary for build back purposes.

Please review and give me your thoughts on this estimate and if you agree or not. I would like to nail down the roof portion right away and leave the HVAC open until your experts have completed their report. No sense in delaying the claim further on items we already know that are undisputed, wouldn't you agree ?

An advance in good faith goes a long way in this industry now. I will be awaiting your response.

Thanks
Ben


On Jun 6, 2017, at 3:19 PM, Ben Kueng <benkueng@gmail.com> wrote:

Annette,

It was my understanding that the insurance company is responsible to pay for like kind and quality. I would assume that if amtrust agreed to take the policy that amtrust deemed this property insurable. Please site in the policy where amtrust is only responsible for removing a maximum of 2 layers of roofing. Please forward any and all documentation regarding the this policy request via email. I have reviewed the policy in detail and for the life of me I cant seem to find anything relating to max allowances for roof layers.

I reviewed my pictures and it appears that all core samples are the same, which indicates that the roofing system is the same through out. The only difference that I can see between the samples, is the area that did not have gravel. There is no evidence that this area was a prior repair, although I am not ruling it out.

Again, I am asking that payment of the roof is not delayed due to the HVAC inspection. I think it is imperative that we come to an agreement on the roofing items in the shortest amount of time possible in order to prevent any potential leaking due to inclement weather.

Ben

On Tue, Jun 6, 2017 at 2:01 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,


I don't recall that the roof had two layers of built up and insulation between except in that one area at the back of the roof in which we assumed was a prior repair. The rest of the samples came back with just one built up roof with the insulated foam on top. If the entire roof has two layers of built up roofing and a third layer of insulated foam on top of that, then the insured currently has three layers of roofing. The insured should not have been allowed to obtain a permit for the insulated foam roofing when it was installed last year due to the current code applicable in Amarillo. If this is indeed the case, this will impact the scope of repair as we would not owe to remove the two layers that should have been removed when the new roof was installed.

This is why it is important that we get an accurate evaluation of the roof by waiting until we have the engineer report with his scope recommendations in writing and then using this information to obtain an accurate estimate to replace the roof with like, kind and quality. I anticipate that we won't have the engineer report for at least another week and I will forward you a copy upon receipt.

I am surprised that you want to use the xactimate price for the greenhouse. I am not sure that is an accurate reflection of what the insured currently has and it may not be enough money to replace this roofing system. I still think an estimate from a local contractor who specializes in these roofs would be safer for the policyholder.

An actual cash value payment for the roof replacement will be issued once we have completed our investigation and evaluation of the roof.

**Annette Tarquinio**
*Executive General Adjuster*

**Engle Martin & Associates**

17304 Preston Road | Suite 975

Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Tuesday, June 06, 2017 1:19 PM
**To:** Tarquinio, Annette <atarquinio@englemartin.com>;
nationalpropertyadvisors@gmail.com
**Cc:** Ben Kueng <benkueng@gmail.com>; Ben Kueng <k2adjusting@gmail.com>

**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Annette,

Thank you for the update and acknowledgement of replacing the roof. As for the remedy of repairs, why are you seeking bids for the roof components ? Are you uncomfortable with Xactimate prices or the outcome of the roof replacement using this accepted insurance industry estimate software ?

To answer your question, I have no idea what the insured plans on going back with on the roof at this time. What I do know is the carrier owes for removing and replacing each line item on the roof regardless what our insured decides to go back with. We've spent a few hours with the GC doing the work this past weekend agreeing on the scope of work and should have an estimate to you tomorrow. As for the greenhouse, we will use Xactimate to calculate the repair costs based on square footage.

We will include these items in our estimate and use Xactimate to calculate the repair estimate

Roof replacement main roof

1. SPF foam roof

2. 1st layer of BU roof with gravel ballast

3. 1st layer of FB

4. 2nd layer of BU

5. 2nd layer of FB

6. Greenhouse roof cover

Rental Center

6. R&R metal roof panels and components

Detached Metal Roof coverings

7. R&R metal roof panels and components

HVAC

8. Estimate from HVAC contractor

OSHA Compliance Guidelines

General Conditions

I hope your estimate is prepared in Xactimate so we can compare apples to apples instead of individual bids from contractors.

As for the timeline for the undisputed items for the roof.  When can we expect a partial indemnity check to be sent out to the insured for the roof portion ?  I know Home Pride Center wants to get moving on the roof and doesn't want the carrier to delay the claim further with the HVAC experts report in a few weeks.

Thanks

Ben

On Jun 6, 2017, at 9:29 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

I appreciate the urgency but this is a large roof and complicated scope and will take us a little while to get a complete measure in order to issue a payment.  I spoke to the engineer and he does agree that the current roof has two layers and that in order to facilitate the repairs, the entire roof will need to be removed, insulated to code and a new roofing system installed.  Getting an estimate for a new insulated foam roof will take a little work.  I assume the insured will insulate and install a new TPO instead?  I would be happy to review any estimates that you have for the roof replacement so that we can

begin to reach an agreed scope and price for these repairs.

In addition, we have retained Commercial Insurance Services (CIS) to inspect the HVAC units and provide an estimate for the repairs needed due to the hail damage. The greenhouse roof was not included in the 2013 appraisal so we will need to get an estimate to replace this roof as well and it looks to be a specialty item. Does the insured have a company that they used originally that can give an estimate to replace the cover?

**Annette Tarquinio**
**Executive General Adjuster**

**Engle Martin & Associates**

17304 Preston Road | Suite 975

Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Tuesday, June 06, 2017 8:10 AM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>; Ben Kueng <k2adjusting@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Good morning Annette,

Can you please tell me when the first check will be released for Home Pride Center? The insured is very eager to get started on the roof replacement.

Thanks,

Ben

On Fri, Jun 2, 2017 at 1:51 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

Annette,

Just wanted to do a recap regarding our joint inspection yesterday
with the engineers.

Just so we're on the same page, we all agree that the buildings roof
system are damaged from hail impacts and will outline our next
steps in a bullet point format below.

1. Roof coring photo 1 show ( 1.5 to 2inches of SPF foam as the
top layer of the roof system

2. Roof coring photo 2 shows ( 3-4 ply BU membrane w/2 inch of
fiberboard on top of another 3ply BU roof system with 1 inch
fiberboard) with is essentially 3 roof systems if you combine all
components on the roof.

Per the Amarillo building code guidelines. As of today, this roof will
need to be R30 energy code complaint and as it currently stands it
does not meet the sufficient requirements. As you most likely
know, this roof cannot be scarified or repaired because it already
has the maximum number of roof systems allowed on the
building.

Our next step is securing an agreement on scope with the
contractor and pinpointing all necessary items and details
associated with this repair. At this point we are only interested in
the roof portion of the building for obvious reasons due to the
possible weather conditions ahead of us. We will follow back up

on the HVAC repairs at a later date in time and send over our
estimate for that as well. Our roof estimate is forthcoming and
you should have it the first part of next week.

Finally, when do you think you'll be able to send out that
undisputed amount for an advance to the structure we spoke of

?

If you have any questions, please do not hesitate to call or email
me.

Thanks

Ben

On Jun 2, 2017, at 6:26 AM, Ben Kueng
<benkueng@gmail.com> wrote:

Thank you for the policy, Annette.

I have attached a copy of the appraisal award and
estimate from 2013. I have also attached a copy of K
Simons contract for the current claim. Please note the
paragraph stating that K Simon will be doing all work
"per insurance proceeds"

Any other requests for additional contractor bids will
be construed as Tortious Interference and will not be
acknowledged by myself or the insured..

I do not have copies of the foam invoice. Essentially, it is a moot point and completely irrelevant to the existing claim. Whether the insured paid $1 or $1 million dollars to foam the roof, Amtrust took the policy and therefore it is amtrusts duty to bring the insured back to "whole" Furthermore, If Amtrust intends on delaying this claim due to the fact that I will not be providing a copy of the foam invoice, it will be my opinion that you and Amtrust would be acting in bad faith.

I will forward you a copy of my estimate as soon as its completed.

Regards,

Ben

On Thu, Jun 1, 2017 at 3:56 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

I have attached a complete copy of the policy for your review.

**Annette Tarquinio**
*Executive General Adjuster*

**Engle Martin & Associates**

17304 Preston Road | Suite 975

Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are
confidential and may also be privileged. If you are not the
intended recipient(s), please note that any distribution, copying
or use of this communication or the information in it, is strictly
prohibited. If you are not the named recipient(s), please notify
the sender immediately and do not disclose the contents to
another person, use it for any purpose, store or copy the
information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Thursday, June 01, 2017 12:59 PM
**To:** NPA GROUP
<nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette
<atarquinio@englemartin.com>; Ben Kueng
<benkueng@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring
Center, LLC. Amtrust claim 2698514 EMA #
1000192009 - re-inspection

Hi Annette, It was good meeting with you today.
Per our conversation please forward me the
amount of code upgrade that the Insured has as
well as a request for any other documents that you
need from me in order to get a check sent out to
the insured immediately.

Regards,

Ben kueng
Sent from my iPhone

On May 25, 2017, at 2:16 PM, NPA GROUP
<nationalpropertyadvisors@gmail.com> wrote:

> Hi Annette,

> Thank you for the emails.

> In the meantime, can you put a
> advance request in for the insured to
> make temp repairs or have some type

of emergency repair monies given to him. I don't think he's able to fund and cover the expenses for a 70,000 sqft roof surface. I'm thinking $ 100,000 to $ 200,000 range should be sufficient to have temp repairs made.

As you've probably seen from the field adjusters photos, there are holes in the roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.

Let me know when this advance could be sent out and I will see you out at the property on June 1st.

Thanks

> On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:
>
> Ben,
>
> Per our conversation this morning, we will plan on re-inspecting 2503 NE 24th Street in Amarillo TX on Thursday, June 1st. We will confirm the exact time once we get our travel arrangements made. If you have any questions, please feel free to contact me at the numbers noted below.

Thank youl

**Annette Tarquinio**
*Executive General Adjuster*

**Engle Martin & Associates**

17304 Preston Road
| Suite 975

Dallas, TX 75252
O: 214.239.0913 |
M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it. Is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

Benjamin Kueng

Public Adjuster #1944205

806-690-1649

benkueng@gmail.com

**From:** Marc Whyte
**To:** Jennifer Saenz
**Subject:** FW: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - estimate and advance payments
**Date:** Thursday, July 13, 2017 1:15:02 PM
**Attachments:** image001.png



**MARC K. WHYTE**

**1045 Cheever Blvd., Suite 103**
**San Antonio, Texas 78217**
**210-562-2888 (Main)**
**210-562-2870 (Direct)**
www.whytepllc.com

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Monday, June 12, 2017 4:09 PM
**To:** Marc Whyte <mwhyte@whytepllc.com>
**Subject:** Fwd: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - estimate and advance payments

Begin forwarded message:

**From:** "Tarquinio, Annette" <atarquinio@englemartin.com>
**Subject: RE: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514**
**EMA # 1000192009 - estimate and advance payments**
**Date:** June 12, 2017 at 7:12:52 AM PDT
**To:** Ben Kueng <benkueng@gmail.com>, Ben Kueng <k2adjusting@gmail.com>
**Cc:** NPA GROUP <nationalpropertyadvisors@gmail.com>, "dsb063@yahoo.com"
<dsb063@yahoo.com>, Troy White <Troy@jdkoontz.com>

Ben,

We are in receipt of your estimate totaling $2,463,515.70 that was submitted by email on Wednesday, June 7, 2017.  In addition, we are in receipt of additional emails from you dated June 8th and June 9th.  We are not in agreement with your estimate for the replacement of the insulated foam roof and part of the issue is the number of layers that you are including in the removal.  We would again caution you that three layers would be in violation of the current building code for Amarillo and could affect the available funds toward the roof replacement, which would not be an issue if we can agree that the roof only has two layers at this time.  We are continuing to investigate the loss and will need the report from the structural engineer to confirm the number of layers on the roof and the code requirements for Amarillo before we can proceed with preparing an estimate for the roof replacement.

We will be obtaining competitive bids for most of the repairs and will use xactimate when warranted.  I noted that you did use a bid for the replacement of the AC units and did not use xactimate for this scope, so I am not sure why competitive bids are also not useful in determining the correct value for the replacement of the roof systems.  I would also advise the insured to obtain an estimate for the greenhouse roof to make sure that the amount in your estimate is accurate and will cover the full cost to replace this system.

We will consider an advance once we are able to establish some type of measure on the loss as the advance should reflect a reasonable partial payment toward the total cost of the repairs. Once I have that information, I will get back with you to discuss the amount. In addition, the carrier has confirmed that they will need a copy of your W-9 in order to include you on the payment. Please forward this form at your earliest convenience so that we can include your name on the payments.

Thank you!

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Friday, June 09, 2017 5:16 PM
**To:** Ben Kueng <k2adjusting@gmail.com>
**Cc:** NPA GROUP <nationalpropertyadvisors@gmail.com>; Tarquinio, Annette <atarquinio@englemartin.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Annette,

As you may or may not know, Home pride Center received a significant amount of rain last night. I have made multiple requests for money to be released in order to provide emergency repairs to avoid any further damage. All requests for funds have been denied.

You stated to me that it would take a significant amount of rain to penetrate all layers of the roof resulting in interior damage and product loss. Can you please explain to me exactly what your definition of significant rain is? Will your engineers report state how much additional weight the roof can sustain before collapse? Will amtrust be releasing any money for emergency repairs? will amtrust be delaying this claim until the engineer and HVAC reports are available? I think these are all questions that need to be answered immediately.

You stated in an email to me that the roof is large and that the scope is complicated. Can you please explain to me what is so complicated? Once I had all the same facts that you do, it took me an hour to write my estimate. I am assuming that you are familiar with Xactimate, as it is the industry standard for estimating hail loss damages. Will you be using Xactimate pricing, or 1 random contractor of your choice to supply an estimate on your behalf?

You have already admitted that a full roof replacement is warranted so I don't feel that waiting on the engineers and HVAC report should be delaying the immediate resolution to the roofing portion of this claim. I feel that it is imperative to the structural integrity of the building and safety of the employees, and consumers that patronize Home Pride Center that this claim not be delayed any further.

I am once again requesting that the sum of $1,000,000 be released immediately to begin construction

of the roof.

Thank you,

Ben

On Thu, Jun 8, 2017 at 3:03 PM, Ben Kueng <k2adjusting@gmail.com> wrote:
Hello Annette, did you get a chance to review my estimate?

I received a call from the insured today that there's a severe weather threat in the Amarillo area today. I Believe it is imperative to reach a resolution to this claim and get a check issued Immediately to avoid any further damage, including interior damage to the building.

Please let me know the status of this claim at your earliest convenience.

Ben

Sent from my iPhone

On Jun 7, 2017, at 1:27 PM, NPA GROUP <nationalpropertyadvisors@gmail.com> wrote:

Annette,

See attached estimate for the mentioned damages at Pride Home Center.

Estimate reflects complete tear off, removal and replacement of all like kind and quality components on the existing roof necessary for build back purposes.

Please review and give me your thoughts on this estimate and if you agree or not. I would like to nail down the roof portion right away and leave the HVAC open until your experts have completed their report.   No sense in delaying the claim further on items we already know that are undisputed,  wouldn't you agree ?

An advance in good faith goes a long way in this industry now. I will be awaiting your response.

Thanks
Ben
<Pride Home Center 3503NE24TH-1 Final Draft with_without Removal Depreciation.pdf>


On Jun 6, 2017, at 3:19 PM, Ben Kueng <benkueng@gmail.com> wrote:

Annette,

It was my understanding that the insurance company is responsible to pay for like kind and quality. I would assume that if amtrust agreed to take the policy that amtrust deemed this property insurable. Please site in the policy where amtrust is only responsible for removing a maximum of 2

layers of roofing. Please forward any and all documentation regarding the this policy request via email. I have reviewed the policy in detail and for the life of me I cant seem to find anything relating to max allowances for roof layers.

I reviewed my pictures and it appears that all core samples are the same, which indicates that the roofing system is the same through out. The only difference that I can see between the samples, is the area that did not have gravel. There is no evidence that this area was a prior repair, although I am not ruling it out.

Again, I am asking that payment of the roof is not delayed due to the HVAC inspection. I think It is imperative that we come to an agreement on the roofing items in the shortest amount of time possible in order to prevent any potential leaking due to inclement weather.

Ben

On Tue, Jun 6, 2017 at 2:01 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

> Ben,
>
> I don't recall that the roof had two layers of built up and insulation between except in that one area at the back of the roof In which we assumed was a prior repair. The rest of the samples came back with just one built up roof with the insulated foam on top. If the entire roof has two layers of built up roofing and a third layer of insulated foam on top of that, then the insured currently has three layers of roofing. The insured should not have been allowed to obtain a permit for the insulated foam roofing when It was installed last year due to the current code applicable in Amarillo. If this is indeed the case, this will impact the scope of repair as we would not owe to remove the two layers that should have been removed when the new roof was installed.
>
> This is why it is important that we get an accurate evaluation of the roof by waiting until we have the engineer report with his scope recommendations In writing and then using this information to obtain an accurate estimate to replace the roof with like, kind and quality. I anticipate that we won't have the engineer report for at least another week and I will forward you a copy upon receipt.
>
> I am surprised that you want to use the xactimate price for the greenhouse. I am not sure that is an accurate reflection of what the insured currently has and it may not be enough money to replace this roofing system. I still think an estimate from a local contractor who specializes in these roofs would be safer for the policyholder.
>
> An actual cash value payment for the roof replacement will be issued once we have completed our investigation and evaluation of the roof.
>
> **Annette Tarquinio**
> *Executive General Adjuster*
> **Engle Martin & Associates**
>
> 17304 Preston Road | Suite 975
> Dallas, TX 75252
> O: 214.239.0913 | M: 469.400.2361

www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** NPA GROUP [mailto:nationalpropertyadvisors@gmail.com]
**Sent:** Tuesday, June 06, 2017 1:19 PM
**To:** Tarquinio, Annette
<atarquinio@englemartin.com>; nationalpropertyadvisors@gmail.com
**Cc:** Ben Kueng <benkueng@gmail.com>; Ben Kueng
<k2adjusting@gmail.com>

**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC.
Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Annette,

Thank you for the update and acknowledgement of replacing the roof.
As for the remedy of repairs, why are you seeking bids for the roof
components ?  Are you uncomfortable with Xactimate prices or the
outcome of the roof replacement using this accepted insurance industry
estimate software ?

To answer your question, I have no idea what the insured plans on
going back with on the roof at this time.  What I do know is the carrier
owes for removing and replacing each line item on the roof regardless
what our insured decides to go back with.  We've spent a few hours
with the GC doing the work this past weekend agreeing on the scope of
work and should have an estimate to you tomorrow.  As for the
greenhouse, we will use Xactimate to calculate the repair costs based
on square footage.

We will include these items in our estimate and use Xactimate to
calculate the repair estimate

Roof replacement main roof

1. SPF foam roof
2. 1st layer of BU roof with gravel ballast
3. 1st layer of FB
4. 2nd layer of BU
5. 2nd layer of FB
6. Greenhouse roof cover

Rental Center
6. R&R metal roof panels and components

Detached Metal Roof coverings
7. R&R metal roof panels and components

HVAC
8. Estimate from HVAC contractor

OSHA Compliance Guidelines

General Conditions

I hope your estimate is prepared in Xactimate so we can compare apples to apples instead of individual bids from contractors.

As for the timeline for the undisputed items for the roof. When can we expect a partial indemnity check to be sent out to the insured for the roof portion ? I know Home Pride Center wants to get moving on the roof and doesn't want the carrier to delay the claim further with the HVAC experts report in a few weeks.

Thanks
Ben

On Jun 6, 2017, at 9:29 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:

Ben,

I appreciate the urgency but this is a large roof and complicated scope and will take us a little while to get a complete measure in order to issue a payment. I spoke to the engineer and he does agree that the current roof has two layers and that in order to facilitate the repairs, the entire roof will need to be removed, insulated to code and a new roofing system installed. Getting an estimate for a new insulated foam roof will take a little work. I assume the insured will insulate and install a new TPO instead? I would be happy to review any estimates that you have for the roof replacement so that we can begin to reach an agreed scope and price for these repairs.

In addition, we have retained Commercial Insurance Services (CIS) to inspect the HVAC units and provide an estimate for the repairs needed due to the hail damage. The greenhouse roof was not included in the 2013 appraisal so we will need to get an estimate to replace this roof as well and it looks to be a specialty item. Does the insured have a company that they used originally that can give an estimate to replace the cover?

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments are confidential and may also be privileged. If you are not the intended recipient(s), please note that any distribution, copying or use of this communication or the information in it, is strictly prohibited. If you are not the named recipient(s), please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, store or copy the information in any medium.

**From:** Ben Kueng [mailto:benkueng@gmail.com]
**Sent:** Tuesday, June 06, 2017 8:10 AM
**To:** NPA GROUP <nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette <atarquinio@englemartin.com>; Ben Kueng <k2adjusting@gmail.com>
**Subject:** Re: Pride Home Center, Inc.; Witt Flooring Center, LLC. Amtrust claim 2698514 EMA # 1000192009 - re-inspection

Good morning Annette,

Can you please tell me when the first check will be released for Home Pride Center? The insured is very eager to get started on the roof replacement.

Thanks,

Ben

On Fri, Jun 2, 2017 at 1:51 PM, NPA GROUP <nationalpropertyadvisors@gmail.com> wrote:

Annette,

Just wanted to do a recap regarding our joint inspection yesterday with the engineers.

Just so we're on the same page, we all agree that the buildings roof system are damaged from hail impacts and will outline our next steps in a bullet point format below.

1.  Roof coring photo 1 show ( 1.5 to 2inches of SPF foam as the top layer of the roof system
2.  Roof coring photo 2 shows ( 3-4 ply BU membrane w/2 inch of fiberboard on top of another 3ply BU roof system with 1 inch fiberboard) with essentially 3 roof systems if you combine all components on the roof.

Per the Amarillo building code guidelines. As of today, this roof will need to be R30 energy code complaint and as it currently stands it does not meet the sufficient requirements. As you most likely know, this roof cannot be scarified or repaired because it already has the maximum number of roof systems allowed on the building.

Our next step is securing an agreement on scope with the contractor and pinpointing all necessary items and details associated with this repair. At this point we are only interested in the roof portion of the building for obvious reasons due to the possible weather conditions ahead of us. We will follow back up on the HVAC repairs at a later date in time and send over our estimate for that as well. Our roof estimate is forthcoming and you should have it the first part of next week.

Finally, when do you think you'll be able to send out that undisputed amount for an advance to the structure we spoke of

?

If you have any questions, please do not hesitate to call or email me.

Thanks
Ben

> On Jun 2, 2017, at 6:26 AM, Ben Kueng <benkueng@gmail.com> wrote:
>
> Thank you for the policy, Annette.
>
> I have attached a copy of the appraisal award and estimate from 2013. I have also attached a copy of K Simons contract for the current claim. Please note the paragraph stating that K Simon will be doing all work "per insurance proceeds"
>
> Any other requests for additional contractor bids will be construed as Tortious Interference and will not be acknowledged by myself or the insured..
>
> I do not have copies of the foam invoice. Essentially, it is a moot point and completely irrelevant to the existing claim. Whether the insured paid $1 or $1 million dollars to foam the roof, Amtrust took the policy and therefore it is amtrusts duty to bring the insured back to "whole" Furthermore, If Amtrust intends on delaying this claim due to the fact that I will not be providing a copy of the foam invoice, it will be my opinion that you and Amtrust would be acting in bad faith.
>
> I will forward you a copy of my estimate as soon as its completed.
>
> Regards,
>
> Ben
>
>> On Thu, Jun 1, 2017 at 3:56 PM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:
>>
>> Ben,

I have attached a complete copy of the
policy for your review.

**Annette Tarquinio**
*Executive General Adjuster*
**Engle Martin & Associates**

17304 Preston Road | Suite 975
Dallas, TX 75252
O: 214.239.0913 | M: 469.400.2361
www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY: This e-mail and any attachments
are confidential and may also be privileged. If you are
not the intended recipient(s), please note that any
distribution, copying or use of this communication or
the information in it, is strictly prohibited. If you are not
the named recipient(s), please notify the sender
immediately and do not disclose the contents to
another person, use it for any purpose, store or copy
the information in any medium.

**From:** Ben Kueng
[mailto:benkueng@gmail.com]
**Sent:** Thursday, June 01, 2017 12:59 PM
**To:** NPA GROUP
<nationalpropertyadvisors@gmail.com>
**Cc:** Tarquinio, Annette
<atarquinio@englemartin.com>; Ben Kueng
<benkueng@gmail.com>
**Subject:** Re: Pride Home Center, inc.; Witt
Flooring Center, LLC. Amtrust claim 2698514
EMA # 1000192009 - re-inspection

Hi Annette, It was good meeting with you
today. Per our conversation please
forward me the amount of code upgrade
that the insured has as well as a request
for any other documents that you need
from me in order to get a check sent out
to the insured immediately.

Regards,

Ben kueng
Sent from my iPhone

On May 25, 2017, at 2:16 PM, NPA
GROUP
<nationalpropertyadvisors@gmail.com>
wrote:

Hi Annette,

Thank you for the emails.

In the meantime, can you put

a advance request in for the insured to make temp repairs or have some type of emergency repair monies given to him. I don't think he's able to fund and cover the expenses for a 70,000 sqft roof surface. I'm thinking $ 100,000 to $ 200,000 range should be sufficient to have temp repairs made.

As you've probably seen from the field adjusters photos, there are holes in the roof from the hail impacts and the insured is in a mild panic regarding potential water damage to his inventory below.

Let me know when this advance could be sent out and I will see you out at the property on June 1st.

Thanks

> On May 25, 2017, at 11:16 AM, Tarquinio, Annette <atarquinio@englemartin.com> wrote:
>
> Ben,
>
> Per our conversation this morning, we will plan on re-inspecting 2503 NE 24th Street in Amarillo TX on Thursday, June 1st. We will confirm the exact time once we get our travel arrangements made. If you have any questions, please feel free to contact me at the numbers noted below.

Thank you!

**Annette
Tarquinio
Executive
General
Adjuster
Engle Martin &
Associates**

17304 Preston
Road | Suite
975
Dallas, TX
75252
O: 214.239.0913 |
M: 469.400.2361

www.englemartin.com | atarquinio@englemartin.com

CONFIDENTIALITY:
This e-mail and any
attachments are
confidential and may
also be privileged. If
you are not the
intended recipient(s),
please note that any
distribution, copying or
use of this
communication or the
information in it, is
strictly prohibited.  If
you are not the named
recipient(s), please
notify the sender
immediately and do
not disclose the
contents to another
person, use it for any
purpose, store or copy
the information in any
medium.

Benjamin Kueng
Public Adjuster #1944205
806-690-1649
benkueng@gmail.com

Filed
Caroline Woodburn
District Clerk
7/13/2017 3:56 PM
Potter County, Texas
By _____ Deputy



CAROLINE WOODBURN
POTTER COUNTY DISTRICT CLERK
P.O. BOX 9570
AMARILLO, TEXAS 79105-9570

9414 7266 9904 2099 2170 21
RETURN RECEIPT REQUESTED

U.S POSTAGE ❯❯ PITNEY BOWES

ZIP 79101  $ 013.35
02 4H
0000345987 JUL  27  2017

WESCO INSURANCE COMPANY
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218

RETURN RECEIPT REQUESTED

C

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

RETURN RECEIPT REQUESTED

Thank you for using Return Receipt Service

# Exhibit A-3-b

**(A copy of the Record of Return of Citation is not available at time of filing Removal due to Clerk being behind in granting requests for copies of documents)**

# Exhibit A-3-c

**(A copy of the Record of Return of Citation is not available at time of filing Removal due to Clerk being behind in granting requests for copies of documents)**

# Exhibit A-3-d

Filed
Caroline Woodburn
District Clerk
8/18/2017 2:59 PM
Potter County, Texas
By _____ Deputy

CAUSE NO. 106594-C-CV

| | | |
|---|---|---|
| PRIDE HOME CENTER, INC., | § | IN THE DISTRICT COURT |
| WITT FLOORING CENTER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 251st JUDICIAL DISTRICT |
| | § | |
| WESCO INSURANCE COMPANY, | § | |
| ANNETTE YVONNE TARQUINIO, and | § | |
| AGNESS INSURANCE AGENCY, INC., | § | |
| | § | |
| Defendants. | § | POTTER COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S ORIGINAL PETITION

Defendants Wesco Insurance Company, Annette Yvonne Tarquinio, and Agness Insurance Agency, Inc. ("Defendants") submit the following Original Answer and Affirmative Defense to the Original Petition of Plaintiff Pride Home Center, Inc., Witt Flooring Center, LLC ("Plaintiff").

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to all the terms, conditions, limitations, exclusions, and deductibles contained in Wesco Insurance Company policy number WPP1216341 (the "Policy") issued to Plaintiff.

## PRAYER

Defendants pray that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing by its claims, and (iii) Defendants be granted such other and further relief to which they are justly entitled.

Respectfully submitted,

**ZELLE LLP**

By:    */s/ Andrew A. Howell*
       Steven J. Badger
       Texas Bar No. 01499050
       SJBdocket@zelle.com
       Andrew A. Howell
       Texas Bar No. 24072818
       AAHdocket@zelle.com
       Victoria L. Vish
       Texas Bar No. 24089850
       VVish@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer and Affirmative Defense to Plaintiff's Original Petition has been served this 18th day of August, 2017, by electronic service as follows:

Marc K. Whyte
State Bar No. 24056526
mwhyte@whytepllc.com
**Whyte PLLC**
1045 Cheever Boulevard, Suite 103
San Antonio, TX  78217
Telephone:     210-562-2888
Facsimile:     210-562-2873

**ATTORNEY FOR PLAINTIFF**


_____*/s/ Andrew A. Howell*_____
Andrew A. Howell


Filed
Caroline Woodburn
District Clerk
8/18/2017 2:59 PM
Potter County, Texas
By _____ Deputy

# Exhibit A-3-e

**(A copy of the Record of Return of Citation is not available at time of filing Removal due to Clerk being behind in granting requests for copies of documents)**