

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 27 2017
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| PRIDE HOME CENTER, INC. and WITT FLOORING CENTER, LLC, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL CASE NO. 2:17-CV-166-J |
| WESCO INSURANCE COMPANY, ANNETTE YVONNE TARQUINIO, and AGNESS INSURANCE AGENCY, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR REMAND

Before the Court are Plaintiffs' motion, filed September 29, 2017, to remand this case, Defendant Wesco Insurance's response in opposition, and Plaintiffs' reply. For the following reasons, Plaintiffs' motion for a remand is granted.

### Basis of Removal

In its notice of removal Defendant alleged this case was removable under 28 U.S.C. § 1441 because of a complete diversity of citizenship and the amount-in-controversy exceeded $75,000. There is no question that the requisite amount in controversy existing in this case. Defendant further alleges that Defendants Tarquinio and Agness Insurance Agency, both in-state citizens, were fraudulently joined in this lawsuit.

### Procedural History

On October 5, 2016 Plaintiffs filed this civil action in the 251st Judicial District Court in and for Potter County, Texas, naming Wesco Insurance Company, Annette Tarquinio and Agness Insurance Agency as Defendants. Plaintiff alleges that Defendant Wesco Insurance

Company has wrongfully delayed and refused to timely pay on a valid commercial roof replacement claim. Plaintiff alleges that Defendant Tarquinio, the insurance adjuster hired to inspect the damages, performed a improper and substandard inspection of both the damaged roof and equipment located thereon, falsely represented that she would recommend Wesco pay for a roof replacement, and has failed to adjust the claim by preparing and delivering to Wesco such a recommendation or any damage report. Finally, Plaintiff alleges that it engaged and instructed the Agness agency to procure a insurance policy that fully insured for a replacement roof and for full coverage for all of the damaged equipment located thereon, but that Agness failed to do so.

Defendant Wesco timely filed a notice of removal under diversity jurisdiction, alleging improper joinder of both co-defendants. Plaintiff has timely moved for a remand of this case.

## Facts

In May of 2017 a wind and hail storm caused damages to Plaintiffs' roof and air conditioning equipment located thereupon. Plaintiffs promptly reported the loss to Wesco. Wesco hired Tarquinio to investigate the loss and adjust the claim on its behalf. As of the date of the filing of the remand motion, Plaintiffs state that Tarquinio has failed to properly inspect the property, note all of the covered damages, adjust the claim, file a report with Westco recommending the claim be paid in whole or in part, and has failed to timely provide any estimate of covered damages to the Plaintiffs.

## Removal Standards

Federal district courts have jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b).

"Removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

## Improper Joinder Standards

The test for improper joinder is whether the removing defendant has demonstrated that there is no possibility of recovery by the Plaintiffs against any in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit reiterated that to prove improper joinder the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The Fifth Circuit has stated that "the burden of demonstrating fraudulent joinder is a heavy one," but "the mere hypothetical possibility that such an [viable] action could exist" is insufficient. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Instead, determining whether the plaintiff has "stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* In reviewing the facts before the Court and ruling on the issue of improper joinder, the Court is to "resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

## Improper Joinder Analysis

Wesco alleges that co-defendants Tarquinio and Agness were improperly joined in this suit because the Plaintiffs can not prevail on their claims that Tarquinio has failed to: 1) properly inspect the property and note all of the covered damages, thereby knowingly preforming a substandard inspection, 2) failed to adjust the claim by preparing and filing a report with Wesco recommending the claim be paid in whole or in part, or denied in whole or in part, and 3) despite obtaining bids on necessary roof repairs, has failed to timely provide an estimate of covered

3

damages to the Plaintiffs. Plaintiffs further allege that: 1) if Wesco fails to pay for a roof replacement and other claimed damages, then Agness failed in Plaintiffs' clear instructions to procure a insurance policy that fully insured for a replacement roof and for full coverage for all of the damaged equipment located thereon, and 2) that Agness' failure to obtain the instructed coverage has and is being used by Wesco to avoid paying in whole or in part for a roof replacement or repairs, and for other covered damages.

Given the evidence now before the Court, including but not limited to the emails between counsel for the Plaintiffs and Tarquinio, and the fact that no claim has been paid or denied many months after a claims was delivered to the insurance company, the Court concludes that Plaintiffs might be able to recover against one or both of the named in-state party defendants. Plaintiffs have shown more than a mere hypothetical possibility that one or more claims against both co-Defendants are viable in this case. Plaintiffs have presented admissible evidence that Defendant Tarquinio has failed in a legal duty owed to Plaintiffs to timely adjust the claims at issue in this case and, if she is somehow not liable for those legal breaches, then there is more than a mere possibility that Agness might be liable. At a minimum, there is sufficient evidence to conclude there exists a reasonable basis for a court to predict that Plaintiffs might be able to recover against one of the named in-state party defendants.

## Conclusions

For all of the above-stated reasons, the Court finds that this case was improvidently removed and that the Court is without jurisdiction. There is no apparent prejudice to any of the Defendants in now remanding this case, given that the remand motion was timely made and prosecuted by Plaintiffs. The Court concludes that there exists a reasonable basis for a court to

predict that the Plaintiffs might be able to recover against at least one of the named in-state party defendants, if not both.

The Court therefore grants Plaintiff's motion for a remand, and this case is hereby REMANDED to the 251st District Court in and for Potter County, Texas.

It is SO ORDERED.


Signed this the __27th__ day of December, 2017.


                                           __s/ Mary Lou Robinson__
                                           **MARY LOU ROBINSON**
                                           **SENIOR UNITED STATES DISTRICT JUDGE**